**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**Laina J. McCracken VIEKE,**
**Defendant–Appellee.**

No. 02–30323.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 5, 2003.

Filed Nov. 3, 2003.

William W. Mercer, United States Attorney, Billings, MT, for the plaintiff–appellant.

Anthony R. Gallagher, Assistant Federal Public Defender, Great Falls, MT, for the defendant–appellee.

## OPINION

HUG, Circuit Judge:

The United States appeals the district court's downward departure to probation granted to Laina J. McCracken Vieke ("Vieke") on the basis of the aberrant nature of her credit card abuse and identity theft pursuant to United States Sentencing Guideline § 5K2.20. Jurisdiction is proper before this court pursuant to 28 U.S.C. § 1291.

### I

In March of 2001, Vieke's parents discovered that their daughter was responsible for obtaining approximately $50,000 in fraudulent credit card charges in their names. Following a two count grand jury indictment, Vieke entered a guilty plea to one count of identity theft in violation of 18 U.S.C. § 1028(a)(7).

Vieke requested, and the presentence investigation report recommended, two grounds for departure. First, she requested departure on the basis of diminished capacity pursuant to Guideline § 5K2.13, contending she suffers from a compulsive gambling disorder. Second, she requested departure on the basis of aberrant behavior pursuant to Guideline § 5K2.20.

The Government objected to the departure based on diminished capacity. It explained as the basis for its objection that gambling addiction is not one of the recognized impairments allowed under the Sentencing Guidelines, and that this legal issue is being appealed in a separate case.

The Government also stated that her crime is identity theft, and that the facts did not support the claim that the fraudulent use of her parents' identities was something she could not control due to her gambling addiction.

The Government presented a pro forma policy objection to the aberrant behavior departure, stating:

> With respect to the aberrant behavior, it's the policy of the United States Attorney's Office to object to downward departures. I no longer have any discretion in making recommendations to the court with respect to downward departures. I am chaffing under this bit, but it is a bit that I cannot remove. For these reasons, we object to a departure under aberrant behavior.

But the Government did not state a specific substantive basis for its objection to the downward departure.

The district court declined to depart on the basis of diminished capacity, noting that Vieke's behavior was "volitional." The court granted departure on the basis of aberrant behavior. The court observed that a recent change in the aberrant behavior guideline clarified that departure was not limited to cases with a single transaction. Departure was justified, the court concluded, because "there's probably a coupling of the pathological nature of the [gambling] addiction that she had and it is totally out of suit with the rest of her life and the behaviors that she has exhibited in her past life and apparently is exhibiting since the charges in this case." The court granted a four-level departure on the basis of section 5K2.20 and sentenced Vieke to five years probation and ordered her to pay restitution in the amount of $51,536.37.

## II

■ Objections to a sentence not presented to the district court generally can-

not be raised for the first time on appeal. *United States v. Edwards,* 800 F.2d 878, 884 (9th Cir.1986). However, imposition of an erroneous sentence may be reviewed for plain error. *United States v. Lopez–Cavasos,* 915 F.2d 474, 475–76 (9th Cir. 1990).

This case was pending appeal when the Prosecutorial Remedies and Other Tools to end the Exploitation of Children Today Act of 2003 ("PROTECT Act"), Pub.L. No. 108–21, 117 Stat. 650 (2003), was passed. Section 401(d)(2) of that Act changed the standard of review for downward departures from abuse of discretion to de novo review. *United States v. Leon,* 341 F.3d 928, 931 (9th Cir.2003). It is not clear that the change in the standard of review applies to defendants who had already been sentenced when the PROTECT Act was passed. However, we do not need to answer that question today because we decide this case under the plain error standard for issues not sufficiently preserved for appeal.

## III

■ The Government's only contention on appeal is that the district court improperly applied Guideline § 5K2.20. The Government claims that the district court failed to make the requisite findings as articulated in application note 1 to § 5K2.20. Note 1 defines "aberrant behavior" as: "a single criminal occurrence or single criminal transaction that (A) was committed without significant planning; (B) was of limited duration; and (C) represents a marked deviation by the defendant from an otherwise law-abiding life." U.S.S.G. § 5K2.20, cmt. n. 1 (2001). *See United States v. Guerrero,* 333 F.3d 1078 (9th Cir.2003) (interpreting the new guideline and interpretive notes).

The Government has no problem with the district court finding part (C)'s re-

quirement for a "marked deviation." Rather, it claims the district court failed to make, and a reasonable reading of the record fails to support, any findings with respect to the first two prongs, (A)'s "without significant planning" and (B)'s "limited duration." The Government suggests the scheme to obtain multiple credit cards to manage her revolving debt required substantial planning. Likewise, the credit card fraud spanned years, from the Fall of 1997 through the Spring of 2001, preventing any reasonable construction as limited in duration.

Vieke responds that the district court weighed all necessary elements in finding that the case was sufficiently aberrant to warrant departure, and the facts, as presented in the presentence investigation report and sentencing memorandum, support departure. Vieke also contends the review is improper because the Government's objection at the sentencing hearing to the downward departure was presented solely on the basis of fiat.

We need not address the district court's application of Guideline § 5K2.20 because the Government's purported objection to the aberrant behavior departure failed to preserve the issue on appeal. *Edwards*, 800 F.2d at 884; *see also United States v. Maurice*, 69 F.3d 1553, 1557(11th Cir. 1995); *United States v. Piggie*, 316 F.3d 789, 793 n. 6 (8th Cir.2003).

■ Unlike its objection to the diminished capacity departure, the Government's pro forma, blanket objection to the aberrant behavior departure was based on policy reasons of the office and, thus, offered no clear explanation for its basis. The Government did not object to the district court's legal analysis of section 5K2.20, or the facts in the record supporting a finding of aberrant behavior. Consequently, the district court did not have before it any objection to its construction and application of section 5K2.20. The purpose behind articulating a basis for the objection is to provide the district court the opportunity to consider the legal arguments, correct any possible errors, and produce a record that will guide appellate review. *Cf. Maurice*, 69 F.3d at 1557.

■ We decline to exercise our discretion to review the Government's unpreserved legal issues on appeal under the plain error standard. Even assuming that the decrease in Vieke's sentence affects "substantial rights" of the Government, we decline to exercise our discretion to reverse on that ground. Neither the particular requirements of the Sentencing Guidelines that the Government asserts on appeal, nor the application of the facts to those requirements were raised for consideration by the district court. The longstanding rule in this and other circuits is that claims of error generally will not be considered if they are raised for the first time on appeal. We agree with the statement of the Fifth Circuit that

> [T]he proper administration of justice, particularly our now severely strained criminal justice system, will be unduly hampered by any rule or practice which allows sentences to be attacked on grounds raised for the first time on appeal in any but the most exceptional cases.

*United States v. Garcia–Pillado*, 898 F.2d 36, 40(5th Cir.1990), *overruled on other grounds by United States v. Calverley*, 37 F.3d 160 (5th Cir.1994) (clarifying the plain error standard of review). The perfunctory objection that raised none of the arguments now advanced on appeal is not sufficient to justify reversal of the sentence imposed by the district court.

AFFIRMED.