**UNITED STATES of America,**
**Plaintiff—Appellee,**

**v.**

**John David ANDERSON, aka John D. Nelson; Mitchell West; David Janes, Defendant—Appellant.**

**United States of America,**
**Plaintiff—Appellee,**

**v.**

**Dorothy Lenore Flowers, Defendant—Appellant.**

**United States of America, Plaintiff—Cross–Appellant,**

**v.**

**Dorothy Lenore Flowers, Defendant—Cross–Appellee.**

**United States of America,**
**Plaintiff—Appellee,**

**v.**

**Dan Romaine Kirkham, aka Rex Ro, Defendant—Appellant.**

**United States of America, Plaintiff—Cross–Appellant,**

**v.**

**Dan Romaine Kirkham, aka Rex Ro, Defendant—Cross–Appellee.**

**United States of America,**
**Plaintiff—Appellee,**

**v.**

**Jeffrey Allen Weakley, Defendant—Appellant.**

United States of America, Plaintiff—
Cross–Appellant,

v.

Jeffrey Allen Weakley, Defendant—
Cross–Appellee.

United States of America,
Plaintiff—Appellee,

v.

Richard George Flowers, aka Tommy
F. Bent, aka Tom Bent, Defendant—
Appellant.

United States of America, Plaintiff—
Cross–Appellant,

v.

Richard George Flowers, aka Tommy
F. Bent, aka Tom Bent, Defendant—
Cross–Appellee.

Nos. 03–30018, 03–30054, 03–30063, 03–
30055, 03–30062, 03–30056, 03–30060,
03–30057, 03–30061.
D.C. Nos. CR–00–00539–KI–04, CR–00–
00539–2–KI, CR–00–00539–7–KI, CR–
00–00539–3–KI, CR–00–00539–1–KI.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 2, 2004.*

Decided March 23, 2004.

---

* By order of February 23, 2004, case nos. 03–30055 and 03–30062 were ordered submitted for decision without oral argument on March 2, 2004. See Fed. R.App. P. 34(a)(2). The remainder of the cases were argued and submitted before the panel on March 2, 2004.

Robert E. Lindsay, John Hinton, III, U.S. Department of Justice, Alan Hechtkopf, Attorney, Karen Quesnel, Attorney, Jen E. Ihlo, United States Department of Justice, Washington, DC, for Plaintiff–Appellee/Plaintiff–Appellant.

John S. Ransom, Ransom, Blackman & Weil, Kendra Matthews, Ransom Blackman, Ronald H. Hoevet, Hoevet & Boise, Kristen L. Winemiller, Christopher Larsen, Law Offices of Kristen L. Winemiller, Portland, OR, for Defendant–Appellants.

Noel Grefenson, Storkel & Grefenson, P.C., Attorneys at Law, Salem, OR, Laura Graser, Portland, OR, for Defendant–Appellants/Defendant–Appellees.

Before HUG, McKEOWN and FISHER, Circuit Judges.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

## MEMORANDUM**

In this consolidated appeal from a joint criminal trial, defendants Anderson, Richard Flowers, Dorothy Flowers, Weakley, and Kirkham all raise challenges to convictions for conspiracy to defraud the government under 18 U.S.C. § 371. Richard Flowers also challenges his conviction for willful failure to file a tax return under 26 U.S.C. § 7203, and Kirkham and Anderson challenge their convictions for tax evasion under 26 U.S.C. § 7201. In addition, Richard Flowers and Dorothy Flowers challenge the district court's calculation of tax loss for sentencing purposes. The government has cross-appealed, claiming that the district court erred in calculating the sentences of Richard Flowers, Dorothy Flowers, Weakley, and Kirkham.[1]

We have jurisdiction under 28 U.S.C. § 1291, and we affirm the convictions of all defendants. Based on the government's cross-appeals, we vacate and remand the sentences of Richard Flowers, Dorothy Flowers, and Weakley, but not Kirkham, to the district court for further consideration.

## I.

■ The district court did not err in giving the supplemental jury instruction. As defendants concede, the supplemental instruction correctly stated the law in informing the jurors that they were not limited to considering overt acts specifically enumerated in the indictment and that they could consider only overt acts committed within the statute of limitations. Any late change resulting from the supplemental instruction did not prejudice the

---

1. The facts are known to the parties, and are referred to only as necessary to explain our holding here.

defendants because the indictment itself specifically alleged that the defendants had committed overt acts in addition to those specifically enumerated, the trial court limited the jury's consideration to overt acts "substantially similar" to those listed in the indictment, and the evidence presented at trial suggested to defendants that overt acts beyond those enumerated in the indictment would be considered by the jury. *See United States v. Wycoff,* 545 F.2d 679, 683 (9th Cir.1976) (upholding a late jury instruction when harmless beyond a reasonable doubt).

■ Nor were defendants' closing arguments prejudiced by the additional accurate instruction on the statute of limitations. Numerous overt acts were described at trial, any one of which, committed by any one of the co-conspirators within the statute of limitations, would have sufficed to convict all defendants of conspiracy. With regard to the statute of limitations, defendants might have emphasized to the jury at closing argument that it was limited to considering overt acts committed during the statutory period, but the district court's supplemental instruction had the same effect.

■ The government was not judicially estopped from relying on overt acts not specifically listed in the indictment, because the government did not assert inconsistent positions on that issue. *See Helfand v. Gerson,* 105 F.3d 530, 534–36 (9th Cir.1997). The indictment itself charged acts beyond those specifically enumerated, and the government never argued that the jury was precluded from considering unenumerated overt acts.

## II.

■ The district court did not err by failing to instruct the jury on multiple conspiracies. A multiple conspiracies instruction is required where "the proof at trial indicates that a jury could reasonably conclude that some of the defendants were only involved in separate conspiracies unrelated to the overall conspiracy charged in the indictment." *United States v. Anguiano,* 873 F.2d 1314, 1317 (9th Cir.1989). Because the proof at trial clearly demonstrated that all defendants participated in a single scheme to defraud the government by commingling funds in a warehouse bank with the appropriate intent, no jury could have reasonably concluded that defendants were involved only in separate, unrelated conspiracies.

## III.

■ The district court did not err in denying Anderson and Kirkham's motions for acquittal. There was sufficient evidence to demonstrate a single conspiracy, because all defendants "had reason to believe that their own benefits derived from the operation were probably dependent upon the success of the entire venture." *United States v. Baxter,* 492 F.2d 150, 158 (9th Cir.1973).

## IV.

There was sufficient evidence from which the jury could reasonably conclude that Dorothy Flowers willfully entered into an agreement to defraud the United States, because the government introduced substantial circumstantial evidence of willfulness. *See United States v. Marabelles,* 724 F.2d 1374, 1379–1380 (9th Cir.1984) (permitting the trier of fact to infer willfulness from circumstantial evidence).

## V.

■ The district court did not abuse its discretion by refusing to admit into evidence additional materials offered by

Anderson to demonstrate willfulness, nor did it err in refusing to admit similar materials offered by Kirkham. Under Federal Rule of Evidence 403, a district court may properly exclude material when the probative value is substantially outweighed by a danger of prejudice or needless presentation of cumulative evidence. Both Anderson and Kirkham were allowed to set forth the basis of their willfulness defense and to show to the jury that they relied on extraneous material in developing their theories about tax law, and neither Rule 403 nor dicta in *United States v. Powell*, 955 F.2d 1206, 1214 (9th Cir.1991), suggests that failing to admit the additional material offered by defendants constituted an abuse of the district court's discretion.

■ We are also unpersuaded by Anderson's claim that the district court erred by refusing to admit evidence that he was a member of the Mormon Church, because Anderson has not shown that his church membership would have been relevant to his willfulness defense and the district court could have properly refused to admit such evidence under Rule 403.

### VI.

The district court did not abuse its discretion in admitting evidence concerning Kirkham's relationship with Arnold and Dorothy Mitchell, because such evidence was admissible under Federal Rule of Evidence 404(b) to show Kirkham's mental state and met the requirements for admitting such evidence set out in *United States v. Smith*, 282 F.3d 758, 768 (9th Cir.2002).

### VII.

■ The district court did not abuse its discretion in ruling that Weakley could not introduce the testimony of an expert witness to demonstrate that he suffered from "exceptionally and excessively rigid thinking," because even if true, such thinking would not constitute a defense to willful violation of the tax laws. *See United States v. Scholl*, 166 F.3d 964, 971 (9th Cir.1999). *United States v. Finley*, 301 F.3d 1000 (9th Cir.2002), does not compel a different result, because the testimony at issue in that case went directly to an element of the crime charged.

### VIII.

■ The district court did not err by denying Richard Flowers' motion to suppress evidence. The affidavit in support of the search warrant provided a sufficient basis for the issuing magistrate's finding of probable cause, regardless of the single alleged misstatement in the affidavit. *See United States v. Chavez–Miranda*, 306 F.3d 973, 978 (9th Cir.2002) (holding that an appellate panel need only find that the issuing magistrate had a substantial basis for finding probable cause). Nor was the search warrant unreasonably overbroad, because "[a] generalized seizure of business documents may be justified if the government establishes probable cause to believe ... that all of the business's records are likely to evidence criminal activity." *United States v. Sayakhom*, 186 F.3d 928, 934 (9th Cir.1999).

### IX.

The district court did not clearly err in calculating the tax loss attributable to Richard Flowers and Dorothy Flowers. The method employed by the district court was reasonably designed to calculate the tax loss that resulted from defendants' conduct, and was therefore appropriate under United States Sentencing Guideline (U.S.S.G) § 2T1.1 commt. 1.

## X.

■ The district court imposed concurrent sentences for Richard Flowers' two convictions for failure to report income tax, apparently believing it had authority to do so under 18 U.S.C. § 3584. Section 3584 permits a district court to impose concurrent sentences even when the sentencing guidelines mandate consecutive sentences, but in so doing the district court must follow the procedures applicable to departing downward from the guidelines, considering, for example, whether the case presents circumstances not taken into consideration by the sentencing commission. *United States v. Lail*, 963 F.2d 263, 264 (9th Cir.1992) (holding that a district court's decision under § 3584 to impose concurrent sentences when the guidelines mandate consecutive sentences must comply with the procedures for a downward departure); *United States v. Pedrioli*, 931 F.2d 31, 32 (9th Cir.1991).

The sentencing guidelines mandate consecutive, not concurrent, sentences for Richard Flowers because his "total punishment" under the guidelines was at least 97 months, less than the combination of the statutory maximum punishments for his three counts of conviction. *See* U.S.S.G. § 5G1.2 (requiring consecutive sentences when the sentence imposed on the count carrying the highest statutory maximum is less than the "total punishment"). In deciding to impose concurrent sentences on Richard Flowers under § 3584, however, the district court did not apply a downward departure analysis as it was required to do. Because it is unclear on this record whether the district court would have imposed concurrent sentences in Richard Flowers' case had it properly applied § 3584 by conducting a downward departure analysis, we vacate and remand Richard Flowers' sentence to the district court.

*United States v. Vieke*, 348 F.3d 811, 813–814 (9th Cir.2003), does not affect our determination, because our disposition rests on the district court's application of § 3584, an issue which the government properly preserved through an objection at sentencing.

It also appears that the district court departed downwards in sentencing Dorothy Flowers and Weakley largely because it did not want these two defendants to suffer the same punishment as Richard Flowers, whom the district court judged more culpable. Because we remand Richard Flowers' sentence to the district court, we also vacate and remand the sentences of Dorothy Flowers and Weakley so that the district court may determine whether a change in Richard Flowers' sentence would affect the sentences of those two defendants.

## XI.

Finally, we decline to vacate and remand Kirkham's sentence to the district court. Because there is considerable uncertainty in the record as to whether or not the Mitchells' involvement with the Christian Patriots' Association was independent of Kirkham, the district court did not abuse its discretion in concluding that the only act that Kirkham had the specific intent to aid and abet or that was a "reasonably foreseeable" consequence of his jointly undertaken criminal activity with the Mitchells was writing a single check transferring funds from the Mitchells' account to the Christian Patriots' Association. *See* U.S.S.G. § 1B1.3 commt. 1 (noting that "the focus is on the specific acts and omissions for which the defendant is to be held accountable in determining the applicable guideline range, rather than on whether the defendant is criminally liable for an offense as a principal, accomplice, or conspirator").

AFFIRMED in part, VACATED in part and REMANDED

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.