**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Michael FYKES, Defendant—**
**Appellant.**

No. 03–50372.

D.C. No. CR–99–01285–MLR.

United States Court of Appeals,
Ninth Circuit.

Submitted March 15, 2004.[*]

Decided March 30, 2004.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald L. Cheng, William Crowfoot, AUSA, Sean Lokey, USLA—Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Michael Tanaka, Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before B. FLETCHER, WARDLAW, and BEA, Circuit Judges.

## MEMORANDUM**

Michael Fykes appeals the district court's imposition of supervised release upon revocation of his former term of supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). An alleged "imposition of an erroneous sentence" is reviewed for plain error. *United States v. Vieke*, 348 F.3d 811, 812 (9th Cir.2003). We affirm.

At the revocation hearing, Fykes admitted to the district court that he violated the terms of his supervised release by committing the crime of possession of cocaine, the misdemeanor violations of driving under the influence and driving with a suspended license, failing to submit a written monthly report, absconding from supervision, and testing presumptively positive for use of cocaine and marijuana. The court revoked the term of supervised release and sentenced Fykes to twelve months in prison to be followed by three years of supervised release.

Fykes appeals only the imposition of supervised release. He contends that his initial term of supervised release was "terminate[d]" pursuant to 18 U.S.C. § 3583(g) (1988 ed., Supp. V) upon the district court's finding that he was in possession of a controlled substance, and that § 3583(g) does not authorize supervised release. However, the district court did not cite § 3583(g), and "revoked" the order of supervised release "[b]ased upon the admissions of the defendant" without relying exclusively on Fykes's admissions related to possession.

The district court was authorized to "revoke" supervised release and sentence Fykes pursuant to § 3583(e)(3) (1988 ed., Supp. V), which permits imposition of supervised release when the defendant "violated a condition of supervised release." *See Johnson v. United States*, 529 U.S. 694, 713, 120 S.Ct. 1795, 146 L.Ed.2d 727 (2000) (holding that § 3583(e)(3) (1988 ed., Supp. V) "leaves open the possibility of supervised release after reincarceration").

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.