UNITED STATES of America,
Plaintiff—Appellee,

v.

Donald Leroy KEFFLER, aka Spirit-in-the Sky aka Familiarspirit aka Luckydog, Defendant—Appellant.

No. 03–30155.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 11, 2004.

Decided June 15, 2004.

Kathryn A. Warma, Esq., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Walter G. Palmer, Esq., Peggy Sue Juergens, Attorney at Law, Seattle, WA, for Defendant–Appellant.

Before: D.W. NELSON, KLEINFELD, and FISHER, Circuit Judges.

## MEMORANDUM *

Petitioner Donald Keffler claims that the district court abused its discretion in applying to his sentence a 2–level upward adjustment under the vulnerable victim guideline of U.S.S.G. § 3A1.1 (2002). He also argues that the court erred by not grouping Count 8, for the transportation and shipment of material involving the sexual exploitation of children, with Counts 5 and 6, which represent two of a total of six counts for the production of images involving the sexual exploitation of children.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Lastly, he claims that in the event of remand, a different judge should be assigned for resentencing. We affirm.

 Keffler was a co-defendant of James and Tracey Wright, who were convicted for similar crimes involving shared victims. We resolved the Wrights' appeals in a published opinion. *See United States v. Wright,* 373 F.3d 935 (9th Cir.2004). In that case we determined that the court did not err in its application of the vulnerable victim adjustment by taking into account the extreme youth and small physical size of the victims. *See id.* at 943. Likewise, we now hold that the district court did not err in considering those same factors in applying the vulnerable victim adjustment to Keffler. As we stated in *Wright,* "[t]he court did not rely on age alone; rather, it recited factors in addition to and independent of age itself. The imperfect correlation between age and some of the factors, and the fact that the parents supplied child victims to Keffler are dispositive here." *Id.* at 944–45.

Keffler's challenge to the district court's grouping of his counts of conviction fails as well. Keffler argues that the district court's application of U.S.S.G. § 2G2.2(b)(4)'s adjustment for engaging in a "pattern of activity involving the sexual abuse or exploitation of a minor" to Count 8 resulted in the impermissible double counting of Counts 2 through 7. He contends that the court should have grouped Count 8 with Counts 5 and 6, and cites to U.S.S.G. § 3D1.2(c) for support. Keffler, however, never specifically objected to the district court's "failure" to group Count 8 with Counts 5 and 6. In fact, in his sentencing memorandum Keffler recalculated the multiple count adjustment in a chart but clearly chose not to group Count 8 with Counts 5 and 6.

Keffler did not properly preserve his objection that Count 8 should be grouped with Counts 5 and 6. There is no plain error. *See United States v. Vieke,* 348 F.3d 811, 814 (9th Cir.2003). Counts 5 and 6 and Count 8 do not involve substantially identical offense conduct. *See United States v. Hines,* 26 F.3d 1469, 1475 (9th Cir.1994); *United States v. Barron–Rivera,* 922 F.2d 549, 554 (9th Cir.1991). They also occurred over different periods of time and involved different victims. Section 3D1.2(c) only applies if the offenses are "closely related." U.S.S.G. § 3D1.2 app. n. 5.

We need not reach Keffler's last contention as a remand is not in order. Keffler's sentence is

AFFIRMED.