**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Ronald William STACEY, Defendant—Appellant,**

v.

**Elecia Stacey, Defendant—Appellant.**

Nos. 03–30002, 03–30019, 03–30020, 03–30058, 03–30111.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 2004.

Decided July 1, 2005.

Robert E. Lindsay, Esq., Karen Quesnel, Attorney, John Hinton, III, Esq., DOJ—U.S. Department of Justice Tax Division, Washington, DC, for Plaintiff—Appellee.

Michael R. Levine, Esq., Portland, OR, for Defendant—Appellant.

Before T.G. NELSON, RAWLINSON, Circuit Judges, and SCHWARZER,* District Judge.

## MEMORANDUM **

**1.** The evidence was sufficient for a rational jury to find that Ronald and Ele-

---

\* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

cia Stacey (together, the "Defendants") had a tax due and owing. The certificates of assessment were neither challenged nor proved to be invalid. *See United States v. Voorhies,* 658 F.2d 710, 715 (9th Cir.1981) (recognizing certificates of assessment as adequate evidence of tax liability).

■ 2. Whether or not Mrs. Stacey knew of the tax deficiency at the time of filing, she was on notice that a deficiency existed once the notices of deficiency were sent to her and her husband. *See Roszkos v. Commissioner,* 850 F.2d 514, 517 (9th Cir. 1988) (describing the notice of deficiency as a "vehicle of notification.").

■ 3. There was also sufficient evidence for a rational jury to find that Ronald Stacey knowingly participated in the conspiracy to defraud the United States. He was a member of CPA and his tax evasion conduct was consistent with the actions of other CPA members. His knowing participation can be inferred from the circumstantial evidence admitted at trial. *See United States v. Recio,* 371 F.3d 1093, 1106 (9th Cir.2004).

4. The district court did not abuse its discretion in failing to give Defendants' requested instruction on the issue of "tax due and owing." The court's instruction "fairly and adequately covered the elements of the offense." *United States v. Somsamouth,* 352 F.3d 1271, 1274 (9th Cir. 2003) (citation omitted).

■ 5. The district court acted within its discretion in declining to give a multiple conspiracy instruction. "A multiple conspiracies instruction is required only if the defendants' theory of the charged conspiracy or conspiracies is supported by law and has some foundation in the evidence." *United States v. Fernandez,* 388 F.3d 1199, 1247 (9th Cir.2004) (citation and internal quotation marks omitted). In this case, there was no evidence that multiple con-

spiracies existed. In any event, the jury was also instructed that it could only convict based upon the conspiracy charged in the indictment.

■ In addition, any error in failing to give a multiple conspiracy instruction was harmless, as there was sufficient evidence to prove a single conspiracy as charged in the indictment. *See United States v. Shabani,* 48 F.3d 401, 403 (9th Cir.1995) (stating that failure to give a multiple conspiracy instruction is treated as an issue of whether there was sufficient evidence that only a single conspiracy existed).

6. Defendants' challenges to the district court's supplemental instructions are denied under the law of the case doctrine. *See United States v. Anderson,* 94 Fed. Appx. 487 (9th Cir.2004) (unpublished disposition) (holding that the Staceys' co-defendants were not prejudiced by the district court's supplemental instruction to the jury that it may consider only overt acts committed within the statute of limitations).

■ Although *Anderson* addressed the supplemental instruction with respect to overt acts and not acts of evasion, the law of the case doctrine applies to the court's "explicit decisions as well as those decided by necessary implication." *Chevron USA, Inc. v. Bronster,* 363 F.3d 846, 849 (9th Cir.2004), *rev'd on other grounds sub nom. Lingle v. Chevron U.S.A., Inc.,* —— U.S. ——, 125 S.Ct. 2074, 161 L.Ed.2d 876 (2005) (citation omitted). The argument made by the Staceys—that their ability to make effective closing arguments was prejudiced by the supplemental instruction—is the same argument made by the defendants in *Anderson. See Anderson,* 94 Fed.Appx. at 491.

■ 7. The court did not abuse its discretion in declining to grant Defendants' motions to dismiss due to pre-indictment de-

lay, because Defendants did not establish that they suffered any "actual, non-speculative prejudice from the delay." *See United States v. DeGeorge*, 380 F.3d 1203, 1210 (9th Cir.2004).

 8. There was no *Brady* violation, because the alleged *Brady* material was neither exculpatory nor suppressed. *See United States v. Si*, 343 F.3d 1116, 1122 (9th Cir.2003). The Form 1900 did not prove that Defendants in fact reported all their income, and it "could [not] reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *Banks v. Dretke*, 540 U.S. 668, 124 S.Ct. 1256, 1276, 157 L.Ed.2d 1166 (2004) (citations omitted). In any event, all admitted documents in possession of the government were made available in sufficient time to be used by the defense. *See United States v. Fernandez*, 231 F.3d 1240, 1248 n. 5 (9th Cir.2000) (*"Brady* does not necessarily require that the prosecution turn over exculpatory evidence before trial.") (citation omitted).

9. The evidentiary rulings contested by Defendants were all made within the scope of the district court's discretion. *See United States v. Alvarez*, 358 F.3d 1194, 1217 (9th Cir.2004) (stating that the district court has broad discretion in determining the relevancy and admission of evidence).

 10. The district court did not abuse its discretion in denying Defendants' motions to sever. *See Alvarez*, 358 F.3d at 1206. The evidence established that the Staceys shared the same beliefs as their co-conspirators. Further, any prejudice was alleviated by proper limiting instructions.

* This panel unanimously finds this case suitable for decision without oral argument. *See*

11. At a minimum, the amount of loss was determined by the judge rather than by a jury. Accordingly, we remand the sentence to the district court for reconsideration under *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005).

Convictions **AFFIRMED**; sentences **REMANDED**.