**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jeffrey Allen WEAKLEY, Defendant—Appellant.**

**United States of America, Plaintiff—Appellant,**

v.

**Jeffrey Allen Weakley, Defendant—Appellee.**

**United States of America, Plaintiff—Appellee,**

v.

**Richard George Flowers, Defendant—Appellant.**

United States of America,
Plaintiff—Appellant,

v.

Richard George Flowers, Defendant—
Appellee.

United States of America,
Plaintiff—Appellant,

v.

Dorothy Lenore Flowers, Defendant—
Appellee.

Nos. 05–30125, 05–30164, 05–30145,
05–30167, 05–30165.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 6, 2006.

Filed April 4, 2006.

Alan Hechtkopf, Attorney, Karen M. Quesnel, Esq., Jen E. Ihlo, Esq., U.S. Department of Justice Tax Division, Washington, DC, for Plaintiffs—Appellees.

Laura Graser, Esq., Kristen L. Winemiller, Esq., Law Offices of Kristen L. Winemiller World Trade Center, Ronald H. Hoevet, Esq., Hoevet & Boise, Portland, OR, for Defendants—Appellants.

Before: FERNANDEZ, TASHIMA, and PAEZ, Circuit Judges.

## MEMORANDUM *

Defendants Jeffrey Weakley ("Weakley"), Richard Flowers ("Flowers"), and Dorothy Flowers ("D.Flowers") (collectively, "Defendants") were convicted of conspiracy to defraud the United States in violation of 18 U.S.C. § 371. Defendants were initially sentenced in 2003, but we vacated the sentences and remanded for resentencing. *See United States v. Anderson*, 94 Fed.Appx. 487 (9th Cir. 2004). Upon re-sentencing, the district court refused to make a factual determination as to tax loss and sentenced all three Defendants outside the advisory Sentencing Guidelines ranges, imposing sentences above the Guidelines ranges for Flowers and Weakley, and a sentence below the Guidelines range for D. Flowers. Flowers and Weakley appeal their sentences, arguing that the sentences violated the *ex post facto* principles of due process and that their sentences are unreasonable because they exceed the applicable Guidelines range without sufficient explanation from the sentencing court. The government cross-appeals Flowers' and Weakley's sentences, arguing that the district court clearly erred in refusing to make a tax loss determination. The government also appeals D. Flowers' sentence, contending that the sentence should be vacated because the district court failed to make a tax loss finding and unreasonably departed below the Guidelines range. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We hold that the district court clearly erred in failing to make a tax loss finding; we therefore vacate Defendants' sentences and remand for resentencing.

## I. *EX POST FACTO* ARGUMENT

Flowers and Weakley argue that the remedial holding of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), cannot constitutionally be applied to them, because an upward deviation from the now-advisory Guidelines would violate the *ex post facto* component of the Due Process Clause. We have, however, squarely rejected this argument. *See United States v. Bad Marriage*, 439 F.3d 534, 539 (9th Cir.2006) (citing *United States v. Dupas*, 419 F.3d 916, 920–921 (9th Cir.2005) (holding that retroactive ap-

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

plication of *Booker* does not violate *ex post facto* principles)). This argument, therefore, fails.

## II. SENTENCE REVIEW

We review *de novo* a district court's interpretation of the Sentencing Guidelines. *United States v. Menyweather*, 431 F.3d 692, 697 (9th Cir.2005). We review the district court's application of the Sentencing Guidelines to the facts of the case for abuse of discretion, and review the district court's factual findings for clear error. *Id.* The overall sentence is reviewed for reasonableness. *Menyweather*, 431 F.3d at 701; *United States v. Ameline*, 409 F.3d 1073, 1085 (9th Cir.2005) (en banc). When we review a sentence, the first step is to determine if the district court made a material error in the Guidelines calculations that serve as the starting point for its sentencing decisions. *United States v. Cantrell*, 433 F.3d 1269, 1280 (9th Cir.2006). If a material error was made in the Guidelines calculation, we will remand for resentencing, without reaching the question of whether the sentence as a whole is reasonable. *Id.* As explained below, the district court erred in applying the Guidelines; accordingly, we vacate the sentences and remand for resentencing without reaching the reasonableness inquiry.

### 1. *Standard of proof for tax loss finding*

At both sentencing hearings, the district court applied the clear and convincing standard of proof to the tax loss finding. Generally, the government must prove sentencing factors by a preponderance of the evidence. *Ameline*, 409 F.3d at 1086 (citing *United States v. Howard*, 894 F.2d 1085, 1090 (9th Cir.1990)). Sentencing factors which have a "disproportionate impact" on the length of the sentence, however, must be proven by clear and convincing evidence. *United States v. Jordan*, 256 F.3d 922, 927–28 (9th Cir.2001); *see also*

*United States v. Dare*, 425 F.3d 634, 642 (9th Cir.2005) (reaffirming *Jordan* in a post-*Ameline* decision).

■ Under the six-factor "disproportionate impact" test articulated in *Jordan*, the appropriate standard of proof for the tax loss finding is the preponderance of the evidence. When a defendant is convicted of conspiracy, we have declined to apply the clear and convincing standard to sentencing factors that correspond with the "extent of the conspiracy," even where "the extent of the conspiracy caused the tremendous increase in her sentence." *United States v. Riley*, 335 F.3d 919, 926 (9th Cir.2003) (internal quotation marks and citation omitted) (applying the preponderance of the evidence standard to the amount of loss claimed by defrauded parties because, under the fourth *Jordan* factor, the increase in the defendant's sentence was based on the extent of the defendant's conspiracy to defraud). The magnitude of the tax loss corresponds with the extent of Defendants' conspiracy because the more effective their conspiracy to defraud the government, the greater the government's tax loss. The length of Defendants' sentences and the increases in Defendants' base offense levels also correspond with the extent of Defendants' conspiracy to defraud the government and cause tax loss. *See* U.S.S.G. § 2T1.1(a) (instructing that the base offense level shall correspond to the amount of tax loss); *see also Riley*, 335 F.3d at 927 (finding, under analogous facts, that the fifth and six *Jordan* factors weigh in favor of the preponderance standard). Accordingly, under *Riley*, the district court erred in applying a clear and convincing standard. *See* 335 F.3d at 926–927.

### 2. *Calculation of tax loss*

■ Not only did the district court err in requiring clear and convincing evidence;

it additionally erred in refusing to make a tax loss finding.[1] The Guidelines provide that when the amount of tax loss is uncertain, the court should "make a reasonable estimate based on the available facts." U.S.S.G. § 2T1.1, cmt. n. 1 (1998); *United States v. Bishop*, 291 F.3d 1100, 1116 (9th Cir.2002); *United States v. Scholl*, 166 F.3d 964, 981 (9th Cir.1999). Moreover, the Guidelines permit a presumption that tax loss is equal to 28 percent of unreported gross income, "unless a more accurate determination of the tax loss can be made." U.S.S.G. § 2T1.1(c)(1) (A).[2]

In past cases, we have upheld relatively uncertain tax loss calculations, illustrating the degree of imprecision permitted in tax loss calculations. *See, e.g., United States v. Ladum*, 141 F.3d 1328, 1345–47 (9th Cir.1998) (calculating tax loss by estimating loss as well as extrapolating from trial evidence).

At the resentencing hearing, the government provided the court with a summary chart that had been attached to Defendants' original Pre–Sentence Investigation Reports, and included schedules that explained some of the calculations reflected on the summary chart. At least $8 million of the $10 million tax loss alleged by the government is corroborated by trial exhibits admitted into evidence. The government established at trial that Defendants were involved in a conspiracy that spanned years and involved $186 million in deposits. The tax loss figures advanced by the government most likely underestimated the amount of tax loss. At the initial sentencing hearing, the district court referred to the $10 million figure as conservative, and noted that Flowers' attorney proposed an alternative tax loss of $8.3 million.[3] In sum, the district court was required a make a "reasonable," albeit imprecise, estimate of the amount of tax loss, and clearly erred in failing to do so.[4]

### 3. Harmless error?

█ The error is not harmless, despite the district court's indication that it would give the same sentence upon resentencing if we conclude that a tax loss finding was required. First, as we have indicated, the district court applied an erroneously high standard of proof to the tax loss finding at both sentencings, so that it should make a

1. At the initial sentencing hearing, the district court found a tax loss of between five and ten million dollars, and we affirmed that tax loss finding on appeal. *See Anderson*, 94 Fed. Appx. at 491 ("The district court did not clearly err in calculating the tax loss attributable to Richard Flowers and Dorothy Flowers. The method employed by the district court was reasonably designed to calculate the tax loss that resulted from defendants' conduct, and was therefore appropriate under United States Sentencing Guideline (U.S.S.G) § 2T1.1 commt. 1."). The district court gave no legitimate explanation for its refusal to recognize its prior finding or to make new a tax loss calculation at resentencing.

2. The Guidelines also permit a presumption that when the offense involves failure to file a tax return, the tax loss equals 20 percent of the gross income, less any tax withheld or otherwise paid. U.S.S.G. § 2T1.1(c)(2).

3. The fact that the figures were underestimates does not refute their being "reliable." *See United States v. Culps*, 300 F.3d 1069, 1076 (9th Cir.2002) (noting that the relevant inquiry in drug weight calculations is whether the defendant is more likely than not actually responsible for a quantity *greater than or equal to* the quantity for which the defendant is being held responsible).

4. Additionally, Weakley argues that the government did not meet its burden in proving the two-point "encouraging others" enhancement. The district court's application of the enhancement was not clearly erroneous; the trial evidence about Weakley's involvement in CPA supported the district court's finding that Weakley's participation in the conspiracy warranted the enhancement. *See* U.S.S.G. § 1B1.3(a)(1)(B) (articulating the "reasonably foreseeable" standard for sentencing liability for co-conspirators).

new calculation under the correct "preponderance" standard. Second, the district court is first required to calculate a correct Guidelines range and then to articulate the reasons for its ultimate sentence, rather than using an overall outcome-oriented approach. *See United States v. Knows His Gun,* 438 F.3d 913, 918–19 (9th Cir.2006). We cannot "say confidently" that the same sentences would be imposed upon remand. *Cf. Menyweather,* 431 F.3d at 700. Accordingly, under *Cantrell,* 433 F.3d at 1280, we vacate the sentences and remand for resentencing consistent with this disposition.

Defendants' sentences **VACATED** and **REMANDED**.