**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Raymond Allan YODER, Defendant—
Appellant.**

No. 05–50602.

United States Court of Appeals,
Ninth Circuit.

Submitted June 8, 2006.*

Sept. 14, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Becky S. Walker, Esq., Garth E. Hire, Esq., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Jonathan D. Libby, Deputy FPD, Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: KOZINSKI and GOULD, Circuit Judges, and MARTINEZ,[**] District Judge.

MEMORANDUM [***]

Raymond Yoder pleaded guilty to one count of possessing child pornography, a violation of 18 U.S.C. § 2252A(a)(5)(B).[1]

---

[**] The Honorable Ricardo S. Martinez, District Judge for the Western District of Washington, sitting by designation.

[***] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the facts and the procedural history underlying this appeal, we mention them only insofar as necessary to explain our decision.

As part of Yoder's sentence, the district court imposed nineteen special conditions of supervised release. Yoder objected to many, but not all, of these conditions before sentencing. We review challenges that Yoder asserted before the district court for abuse of discretion. *See United States v. Williams,* 356 F.3d 1045, 1052 (9th Cir.2004). Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

1. We address together Yoder's contentions that the district court did not "exercise individualized discretion" and that the district court "impermissibly shifted the burden" to Yoder. Yoder contends that the district court followed a "categorical" policy of imposing the conditions in cases of child pornography, regardless of the defendant or the particular facts. We disagree.

Before making the challenged statement, the district court had considered particularized submissions from the Probation Office and the parties, including Yoder's objections to the proposed conditions of supervised release. The district court's statement—"I am not persuaded by anything that's been submitted in argument that I should not impose those conditions"—told Yoder that his arguments had not prevailed. The district court then gave Yoder still another opportunity to argue that the court should not impose the conditions of supervised release proposed by the Probation Office. Yoder's counsel declined to do so except regarding a proposed residency restriction, which the district court amended to accommodate Yoder's objection. The sentencing-hearing transcript shows that the district court exercised its discretion on the particular facts of this case, after considering Yoder's objections. Moreover, the record of the sentencing does not indicate that the district court shifted to Yoder the burden of proof.

2. Condition 2 requires Yoder to "participate in outpatient substance abuse treatment and submit to drug and alcohol testing, as instructed by the Probation Officer," and to "abstain from using illicit drugs, alcohol, and abusing prescription medications during the period of supervision." This condition serves to protect the public, and the condition relates to Yoder's history and characteristics, particularly to Yoder's prior drug and alcohol use. *See United States v. Carter,* 159 F.3d 397, 401 (9th Cir.1998). Thus, it was not an abuse of discretion for the district court to impose this condition.

3. Condition 10 requires Yoder to "participate in a psychological/psychiatric counseling and/or a sex offender treatment program, which may include inpatient treatment"; to submit to "risk assessment evaluation(s), and physiological testing, such as polygraph, plethysmograph, and Abel testing"; and to "take all prescribed medication." Requiring Yoder to participate in a sex-offender-treatment program, to "take all prescribed medication," and to be subjected to risk-assessment evaluations was not an abuse of discretion because these requirements relate to Yoder's rehabilitation, to deterring criminal conduct, and to protecting the public. *See United States v. Fellows,* 157 F.3d 1197, 1203–04 (9th Cir. 1998); *see also United States v. Rearden,* 349 F.3d 608, 619 (9th Cir.2003). We note that although the district court did not abuse its discretion by requiring Yoder to submit to polygraph testing, under our decision in *United States v. Antelope,* 395 F.3d 1128, 1141 (9th Cir.2005), Yoder may exercise his Fifth Amendment right against self incrimination during any polygraph testing administered under this condition. *Id.*

■ The district court did, however, err by requiring Yoder to submit to penile plethysmograph testing without a more extensive procedure. Although the district court in sentencing did not have the benefit of our recent precedent concerning plethysmograph testing, after the sentencing hearing, in *United States v. Weber*, 451 F.3d 552 (9th Cir.2006), we held that:

the particularly significant liberty interest in being free from plethysmograph testing requires a thorough, on-the-record inquiry into whether the degree of intrusion caused by such testing is reasonably necessary 'to accomplish one or more of the factors listed in § 3583(d)(1)' and 'involves no greater deprivation of liberty than is reasonably necessary,' given the available alternatives.

*Id.* at 568–69. We vacate the requirement that Yoder submit to plethysmograph testing and remand to the district court for further proceedings consistent with our opinion in *Weber*. Apart from the plethysmograph test, we do not disturb Condition 10.

■ 4. Condition 11 requires Yoder to "disclose the Presentence Report, and/or any previous sex offender or mental health evaluation(s) to the treatment provider." Imposing this condition was not an abuse of discretion because it reasonably relates to Yoder's successful rehabilitation. *See United States v. Lopez*, 258 F.3d 1053, 1057 (9th Cir.2001).

■ 5. Condition 14 states in part that Yoder "shall not reside within direct view of school yards, parks, public swimming pools ..., or other places primarily used by persons under the age of 18." Yoder contends that this condition does not relate to the crime he committed, and that the condition could require him to move from his home. As for the first argument, a condition of supervised re-lease need not relate to the crime of conviction so long as it relates to one of the factors listed in 18 U.S.C. § 3553(a). *United States v. T.M.*, 330 F.3d 1235, 1240 (9th Cir.2003). As for the second argument, the district court added the following language at Yoder's request: "If the probation officer believes that [Yoder's] current residence is not appropriate under the terms of supervised release, he should give notice of his concerns to the Court, defense and government counsel." The district court did not abuse its discretion by imposing this condition because it involves no greater deprivation of liberty than necessary to promote Yoder's rehabilitation, to deter future criminal conduct, and to protect the public. *See United States v. Bee*, 162 F.3d 1232, 1235–36 (9th Cir.1998); *cf. United States v. Guagliardo*, 278 F.3d 868, 872–73 (9th Cir.2002) (per curiam).

■ 6. Condition 15 states in part that Yoder "shall not frequent, or loiter, within 100 feet of school yards, parks, public swimming pools ..., or other places primarily used by persons under the age of 18." Condition 16 states in part that Yoder "shall not associate or have verbal, written, telephonic, or electronic communication with any person under the age of 18," in most circumstances. The district court did not abuse its discretion by imposing these conditions because they promote Yoder's rehabilitation and protect the public. *See Bee*, 162 F.3d at 1235.

■ 7. Condition 17 states that Yoder "shall not affiliate with, own, control, and/or be employed in any capacity ... that causes him to regularly contact persons under 18." Yoder contends that this condition is not related to the crime that he committed, and that the condition is an "improper occupational restriction." The condition relates to Yoder's rehabilitation

388

and to protecting the public, so it need not relate to the specific crime that Yoder committed. *T.M.*, 330 F.3d at 1240. It is not an occupational restriction because the condition does not prohibit Yoder from returning to his previously held job at Target, or from any other line of work. *See Rearden*, 349 F.3d at 622. The district court did not abuse its discretion by imposing this condition. *See id.*

8. Yoder asserts several challenges for the first time on appeal. We review these for plain error. *See id.* at 618. Yoder asserts that Condition 2, which requires him to "participate in outpatient substance abuse treatment and submit to drug and alcohol testing, as instructed by the Probation Officer," is an improper delegation of judicial authority under our decision in *United States v. Stephens*, 424 F.3d 876, 882–83 (9th Cir. 2005).[2] Any error or prejudice caused by the district court's decision to impose this condition did not seriously affect the fairness, integrity, or public reputation of the judicial proceedings, so we would not vacate this condition, even if imposing this condition was an error under *Stephens*. *See United States v. Maciel–Vasquez*, 458 F.3d 994, 995 (9th Cir.2006) (holding that it was not plain error for a district court to impose a similar condition of supervised release).

Yoder also contends that the district court committed plain error by imposing Conditions 3 and 12, which require Yoder to contribute to the costs of substance abuse treatment and sex offender treatment respectively, in both cases as directed by the Probation Officer.[3] Even if it is assumed to be error for a district court to require a defendant to pay his or her treatment costs during the period of supervised release, we have held that such an error is not "plain." *United States v. Dupas*, 419 F.3d 916, 924 (9th Cir.2005).

9. Yoder next argues that Condition 8 is impermissibly vague. At the sentencing hearing, the district court stated that Yoder could not use a computer to access "any material that relates to child pornography" during the term of his supervised release. The written judgment, however, states that Yoder "shall not access via computer any material that relates to depictions of child pornography." Where an oral judgment is ambiguous, we refer to the written sentence to resolve the ambiguity. *See Green v. United States*, 447 F.2d 987, 987 (9th Cir.1971) (per curiam). We conclude that Condition 8 as announced by the district court at the hearing was ambiguous because, as Yoder recognizes, it is unclear what the term "material that relates to child pornography" means. Consequently, we hold that the written Condition 8 precluding comput-

2. Yoder urges us to review this condition for an abuse of discretion, claiming that he objected to it before the district court. We reject this argument. In a joint objection to the second condition, which required Yoder to submit to substance abuse treatment and testing, and to the third condition, which required Yoder to pay for substance abuse treatment, Yoder argued that "the imposition of this condition is not supported by the facts, and therefore should be suspended." The objection did not claim that Condition 2 was an improper delegation of judicial authority. Because Yoder's objection did not inform the district court of the now-asserted defect in Condition 2, the district court did not have an

opportunity to correct the asserted error. Consequently, we review for plain error. *See United States v. Vieke*, 348 F.3d 811, 814 (9th Cir.2003).

3. Yoder also urges us to review these conditions for abuse of discretion. Yoder did not object to Condition 12 before the district court, and Yoder's sentencing objections did not assert that Condition 3 was an improper delegation of judicial authority. Thus, we review the district court's decision to impose both conditions for plain error. *See Rearden*, 349 F.3d at 618; *Vieke*, 348 F.3d at 814.

er access to "any material that relates to depictions of child pornography" prevails. Imposing this condition was not plain error because the condition furthered Yoder's rehabilitation and helped to protect the public. *See Rearden*, 349 F.3d at 620.

■ 10. Finally, Yoder contends that the district court committed plain error by imposing Condition 9, which prohibits Yoder from using a commercial mail receiving agency or owning a post office box without his probation officer's approval. The district court did not commit plain error by imposing this condition because it facilitates Yoder's rehabilitation by limiting his access to child pornography, an important goal given Yoder's previous subscription to a child-pornography website that sold mail-order CD–ROMs with images of child pornography. *See id.; see also Fellows*, 157 F.3d at 1203–04.

**AFFIRMED** in part, **VACATED** in part, and **REMANDED.**