**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Melvin James BEE, Jr., Defendant– Appellant.**

**No. 98–10047.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 1998.*

Decided Dec. 22, 1998.

---

* The panel finds this case appropriate for submission without argument pursuant to Fed. R.App. P. 34(a) and Ninth Circuit Rule 34–4.

John R. Hannah, Assistant Federal Public Defender, Phoenix, Arizona, for the defendant-appellant.

Linda C. Boone, Assistant United States Attorney, Phoenix, Arizona, for the plaintiff-appellee.

Before: PREGERSON and BRUNETTI, Circuit Judges, and AIKEN,** District Judge.

PREGERSON, Circuit Judge:

Melvin James Bee, Jr. appeals the conditions of his supervised release imposed by the district court. On January 13, 1998, the court sentenced Bee to 36 months imprisonment followed by three years of supervised release for engaging in abusive sexual contact with a child under 12 years of age in violation of 18 U.S.C. §§ 1153, 2244(a)(1), and 2246. As conditions of his supervised release, the district court restricted Bee's contact with children and his possession of sexually stimulating material. We affirm.

## FACTS

On September 29, 1994, the victim's parents left their residence for a short while, entrusting Bee to supervise the victim, their six-year old daughter. Bee sexually abused the child.

The victim's parents returned to find her at a relative's house. The victim told her

** The Honorable Ann L. Aiken, United States District Judge for the District of Oregon, sitting by

parents that she had been molested. The mother took the child to the police, who went to the victim's home and arrested Bee.

On October 8, 1997, Bee plead guilty to two counts of abusive sexual contact in violation of 18 U.S.C. §§ 1153, 2244(a)(1), and 2246. At sentencing, the district court adopted the recommendations of the probation officer and ordered that Bee be placed on supervised release for three years upon his release from prison. Bee's supervised release was subject to the conditions that he (1) not have contact with children under the age of 18 unless approved by his probation officer; (2) not loiter within 100 feet of school yards, parks, playgrounds, arcades, or other places primarily used by children under the age of 18; and (3) not possess any sexually stimulating or sexually oriented material deemed inappropriate by his probation officer and/or treatment staff, or patronize any place where such material or entertainment is available.

## DISCUSSION

■ This court reviews for abuse of discretion the conditions of supervised release imposed by a district court. *See United States v. Johnson,* 998 F.2d 696, 697 (9th Cir.1993). The district court has broad discretion in setting conditions of supervised release, including restrictions that infringe on fundamental rights. *See United States v. Bolinger,* 940 F.2d 478, 480 (9th Cir.1991).

### I. Condition That Bee Not Possess Sexually Oriented Materials

■ Bee challenges the condition that he "not possess any sexually stimulating or sexually oriented material as deemed inappropriate by [his] probation officer and/or treatment staff, or patronize any place where such material or entertainment is available." Bee claims that this condition infringes on his First Amendment rights, and that it is not reasonably related to protection of the public or his rehabilitation as required by 18 U.S.C. § 3583(d).

■ "[P]robationers, like parolees and prisoners, properly are subject to limitations from which ordinary persons are free." *United States v. Consuelo–Gonzalez,* 521

designation.

F.2d 259, 265 (9th Cir.1975) (en banc). Moreover, an effective probationary system requires that district courts retain broad discretion to determine what conditions of supervised release are appropriate. *See id.* at 262. To determine whether conditions of supervised release impermissibly infringe upon a probationer's rights, a reviewing court must inquire "whether the limitation[ ][is] primarily designed to affect the rehabilitation of the probationer or insure the protection of the public." *Id.* at 262 n. 14.

The probation officer justified recommending this condition by stating that it would "effectively address [Bee's] sexual deviance problem." The district court agreed that the condition "reflect[ed] the seriousness of the offense conduct." Therefore, the condition was designed to promote Bee's rehabilitation and to protect the public. As such, the condition must be upheld.

As for the requirements of 18 U.S.C. § 3583(d), that section allows a district court to impose "any ... condition [of supervised release] it considers to be appropriate." This discretion is limited only by § 3583(d)(1)-(3), which requires that discretionary conditions of supervised release

(1) ... reasonably relate[ ] to the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D);

(2) involve[ ] no greater deprivation of liberty than is reasonably necessary for the purposes set forth in section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D); and

(3) [be] consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a);

The purposes referred to in subsection (d)(2) are "the need for the sentence imposed ... to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2). Conditions of

supervised release must relate to these purposes, but " 'may be unrelated to one or more of [them], so long as they are sufficiently related to the others.' " *United States v. Carter*, 159 F.3d 397, 400 (9th Cir.1998) (quoting *Johnson*, 998 F.2d at 697).

The district court did not abuse its discretion in prohibiting Bee from possessing sexually stimulating material as a condition of supervised release. Bee has a long record of arrests related to alcohol abuse. He blamed his present offense conduct on his excessive consumption of alcohol. The probation officer believed and the district court agreed that this condition was necessary to address Bee's problems with deviant sexual behavior triggered by his abuse of alcohol. Prohibiting Bee from possessing sexually stimulating material is therefore sufficiently related to the goal of "protect[ing] the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C).

## II. Conditions That Bee Not Have Unapproved Contact with Children and That He Not Loiter in Places Primarily Used by Children

Bee claims that the district court abused its discretion in ordering him to "not have contact with children under the age of 18 unless approved by [his] probation officer" and to "not loiter within 100 feet of school yards, parks, playgrounds, arcades, or other places primarily used by children under the age of 18." Bee claims that these broad conditions "set unworkable limits on his activities," and involve greater deprivations of liberty than is necessary to serve their purposes in violation of 18 U.S.C. § 3583(d)(2).

By prohibiting Bee from having contact with children and from loitering near places primarily used by children, the district court properly exercised its broad discretion in setting the terms and conditions of supervised release. *See Consuelo–Gonzalez*, 521 F.2d at 264; *Malone v. United States*, 502 F.2d 554, 556 (9th Cir.1974). Despite the fact that these conditions might, in the future, operate to restrict Bee's freedoms of association and travel, he can, as he has said, "reasonably ... be expected to err on the side of avoiding places that the probation

officer or the court might deem unacceptable."

 In a case such as this, even very broad conditions are reasonable if they are intended to promote the probationer's rehabilitation and to protect the public. *See, e.g., United States v. Romero,* 676 F.2d 406, 407 (9th Cir.1982) (condition restricting defendant's association with drug dealers reasonable for his rehabilitation and the protection of the public even though it infringed on right to freely associate and might result in revocation of probation for associating with persons whose drug activities he was not aware of); *United States v. Lowe,* 654 F.2d 562, 567–68 (9th Cir.1981) (condition restricting approach to submarine base reasonably related to goals of rehabilitation and protection of public even though it impinged upon associational rights of protestor); *United States v. Furukawa,* 596 F.2d 921, 923 (9th Cir.1979) (condition instructing probationer to associate only with law-abiding persons reasonably related to rehabilitation and protection of the public).

We conclude that, in these circumstances, the district court did not abuse its discretion in imposing the above described terms of Bee's supervised release.

AFFIRMED.