**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**James Dusette GRANDCHAMP,
Defendant—Appellant.**

No. 03–30542.
D.C. No. CR–03–00048–SEH.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 5, 2004.*

Decided Aug. 27, 2004.

Carl E. Rostad, Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

Anthony R. Gallagher, Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before KLEINFELD and CALLAHAN, Circuit Judges, and BERTELSMAN,** District Judge.

MEMORANDUM***

James Grandchamp appeals his sentence arguing that the trial court erred in fashioning the sex-offender conditions of his supervised release for four reasons: 1) the district court did not give him notice that it was contemplating these conditions; 2) the conditions do not relate to the instant offense and do not reasonably relate to the goals of deterrence, protection of the public, or rehabilitation; 3) condition four imposes a requirement that he submit to random polygraphs and a sex offender treatment program without granting him immunity, thus risking a violation of his Fifth Amendment right against self-incrimination; and 4) condition eight is unconstitutionally vague in ordering that he not possess any pornographic, sexually-oriented or sexually-stimulating material and also ordering that he not patronize any place where such material or entertainment is available.

■ The court is not required to provide additional notice that it is contemplating a specific condition where the imposed condition is contemplated by the guidelines or where the presentence report suggests that the condition may be appropriate. *United States v. T.M.*, 330 F.3d 1235, 1242 (9th Cir.2003). *See also Burns v. United States*, 501 U.S. 129, 135, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991). Here, Grandchamp received notice in both the presentence report and the guidelines that the trial court was contemplating imposing special sex offender conditions.

Secondly, special conditions on a defendant's supervised release need not relate to the offense for which the defendant was convicted as long as the conditions satisfy the criteria of 18 U.S.C. § 3583(d). The conditions imposed on Grandchamp's supervised release meet these requirements.

■ In addition, Grandchamp's argument that the condition requiring that he submit to random polygraphs risks a violation of his Fifth Amendment right against self-incrimination also fails. Grandchamp retains the right to invoke his Fifth Amendment privilege if asked a question during the polygraph that would call for him to incriminate himself in a future criminal proceeding. *See Minnesota v. Murphy*, 465 U.S. 420, 426, 104 S.Ct. 1136, 79 L.Ed.2d 409 (1984).

■ Lastly, the trial court's imposition of the condition prohibiting Grandchamp from possessing any sexually-stimulating or sexually-oriented material or patronizing any place where such material is available was a permissible restriction on Grandchamp's First Amendment rights. *United States v. Bee*, 162 F.3d 1232, 1235 (9th Cir.1998), *cert. denied*, 526 U.S. 1093, 119 S.Ct. 1509, 143 L.Ed.2d 661 (1999). This special condition, however, is construed not to extend to establishments with an acceptable business purpose, such as grocery stores and gas stations. So construed, the trial court did not err in imposing the special condition on Grandchamp's supervised release.

**AFFIRMED.**

---

** The Honorable William O. Bertelsman, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.