UNITED STATES of America,
Plaintiff—Appellee,

v.

John Kevin MOORE Defendant—
Appellant.

No. 03–10571.
D.C. No. CR 99–10–H–CCL.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 5, 2004. Seattle,
Washington.*

Decided Sept. 3, 2004.

* The panel unanimously finds this case suitable
for decision without oral argument. Fed.

R.App. P. 34(a)(2).

Kris A. Mclean, Esq., Office of the U.S. Attorney, Missoula, MT, for Plaintiff–Appellee.

Peter A Leander, Esq., Peter A. Leander Osborn Landing, Bigfork, MT, for Defendant–Appellant.

Before KLEINFELD, CALLAHAN, Circuit Judges, and BERTELSMAN, District Judge.**

## MEMORANDUM ***

■ Moore claims that the imposition of the "no fishing" restriction was unlawful. The district court has wide discretion to impose conditions of supervised release. *United States v. T.M.*, 330 F.3d 1235, 1240 (9th Cir.2003). Because there was no objection at the time of sentencing, this court reviews for plain error. *United States v.* *Randall,* 162 F.3d 557, 561 (9th Cir.1998). It was not plain error to include the "no fishing" provision, regardless of whether it would have been error had it been objected to and imposed over objection. With regard to all the challenges to the conditions, had they been made at the time of sentencing, the district judge might well have modified the conditions or explained why he would not do so.

■ Next, Moore claims that the conditions imposed are impermissibly vague or overbroad in violation of the First Amendment and his pursuit of happiness. Broad conditions on supervised releases, including restrictions of fundamental rights, are reasonable if they promote the rehabilitation and protection requirements of 18 U.S.C. § 3553. *United States v. Bee,* 162 F.3d 1232, 1235–6 (9th Cir.1998); *United States v. Bolinger,* 940 F.2d 478, 480 (9th Cir.1991). The mail fraud to which Moore pled guilty was related to his activities in arranging a hunting trip and obtaining false documentation to facilitate that hunting trip. The hunting and fishing conditions on his supervised release are related to his unlawful activities and address the goal of deterrence, protection and rehabilitation. Had there been objections, closer examination might have been warranted, but in the absence of objection, the conditions are not plain error.

■ Moore claims that he did not have adequate notice of the conditions. Moore had notice because an identical no hunting restriction was imposed at Moore's prior sentencing and he understood that the same penalty could be imposed again.

---

** The Honorable William O. Bertelsman, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Moore next asserts that the conditions of the release are invalid because they were not stated by the written guidelines at the time of sentencing. The district court added the phrases "anywhere in the world" and "or accompany anyone in such activities" to the oral pronouncement. These terms merely clarify the earlier pronouncement. The court has the authority to correct a defendant's sentence pursuant to Rule 35(c), and it was authorized to modify the conditions of Moore's supervised release pursuant to 18 U.S.C. § 3583(e)(2). These conditions were not objected to and were not plain error.

In regard to the increase in the amount of the fine from $5,000 to $10,000, adequate evidence exists in the record to show that the increased fine was the result of Moore's financial ability and was not vindictive. *See North Carolina v. Pearce,* 395 U.S. 711, 726, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), *overruled in part on other grounds by Alabama v. Smith,* 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989).

In regard to the reimbursement of appointed counsel, because Moore had the ability to pay, he was not entitled to court-appointed representation. 18 U.S.C. § 3006A(f); § 3006A(a)(1).

AFFIRMED.