**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**David E. BURGERT, Jr., Defendant—
Appellant.**

**No. 03–30406.**

**DC No. CR 02–49 M–DWM.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 13, 2004.

Decided Nov. 15, 2004.

---

Kris A. McLean, Joshua A. Van de Wetering, Office of the U.S. Attorney, Missoula, MT, for Plaintiff–Appellee.

John P. Rhodes, David C. Avery, Federal Defenders of Montana, Missoula, MT, for Defendant–Appellant.

Before SCHROEDER, Chief Judge, and BROWNING and TASHIMA, Circuit Judges.

## MEMORANDUM *

David E. Burgert, Jr. appeals his conviction and sentence following his guilty plea to possession of a machine gun in violation of 18 U.S.C. § 922(o). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm the conviction, but vacate the sentence and remand for sentencing.

 Burgert contends that his conviction for possessing a machine gun must be reversed because § 922(o) is unconstitutional as applied to his intrastate possession of a "homemade" machine gun under *United States v. Stewart*, 348 F.3d 1132 (9th Cir.2003). We review de novo Burgert's Commerce Clause argument. *United States v. Cabaccang*, 332 F.3d 622, 624–25 (9th Cir.2003). Section 922(o) makes it unlawful to "transfer or possess a machine gun." 18 U.S.C. § 922(o). *Stewart* carved out a narrow exception to § 922(o) violations for purely intrastate possession of entirely homemade machine guns. *Stewart*, 348 F.3d at 1136–37 (holding that § 922(o) is unconstitutional as applied to the purely intrastate possession of entirely homemade machine guns because the defendant did not obtain them by using channels of interstate commerce and his possession did not have a substantial effect on interstate commerce). Here, Burgert merely converted a Hesse semiautomatic rifle into a machine gun with a kit purchased from an out-of-state vendor. Because Burgert's gun was not entirely homemade, *Stewart's* narrow exception does not apply and we conclude that

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

§ 922(*o*) is not unconstitutional as applied to Burgert's possession of a machine gun. We therefore affirm Burgert's conviction.

■ Next, Burgert argues that his condition of supervised release, which prohibits him from contacting or associating with persons actively involved with a milita, is unconstitutionally vague in violation of his Fifth Amendment right to due process. Because Burgert raises this issue for the first time on appeal, we review the alleged sentencing error for plain error. *See* FED. R. CRIM. P. 52(b). To find plain error, we must conclude that there was (1) plain error, (2) that was clear and obvious, (3) that affected substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *United States v. Randall,* 162 F.3d 557, 561 (9th Cir.1998). A condition of supervised release " 'violates due process of law if it either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application.' " *United States v. Hugs,* 384 F.3d 762, 768 (9th Cir.2004) (quoting *United States v. Loy,* 237 F.3d 251, 262 (3d Cir.2001)). Because Burgert expressly acknowledged to the sentencing judge that he understood and could comply with the terms of his condition, we conclude that the condition was not unconstitutionally vague under the plain error test.

■ Burgert also contends that his condition of supervised release impermissibly infringes on his First Amendment freedom of association. Because Burgert raises this issue for the first time on appeal, we review the alleged error for plain error. *See* FED. R.CRIM. P. 52(b); *Randall,* 162 F.3d at 561. The district court has broad discretion in setting conditions of release, including restrictions that infringe on fundamental rights. *United States v. Bee,* 162 F.3d 1232, 1234 (9th Cir.1998). Even broad conditions that infringe on defendant's First Amendment association rights are valid if they are primarily designed to aid the defendant's rehabilitation and are reasonably related to the protection of the public. *Id.* at 1234–35 (holding that a condition prohibiting the defendant from patronizing any place containing sexually oriented materials was a valid restriction on his freedom of association because it was primarily designed to meet and was reasonably related to his rehabilitation and protection of the public); *United States v. Bolinger,* 940 F.2d 478, 480 (9th Cir.1991) (holding that a condition prohibiting participation in activities or membership of motorcycle clubs was a valid restriction on the defendant's freedom of association because it was primarily designed to aid his rehabilitation and was reasonably related to the protection of the public). Here, the condition is a valid restriction on Burgert's freedom of association because it is primarily designed to aid his rehabilitation and is reasonably related to the protection of the public. There was no plain error.

Finally, Burgert appeals his sentence, arguing that the district court erred in applying a two-level enhancement to his offense level for "recklessly creat[ing] a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." *See* U.S.S.G. § 3C1.2 (2003) (defining "another person" as anyone "except a participant in the offense who willingly participated in the flight"). Additionally, Burgert argues that his sentence violated *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), because it exceeded the maximum sentence the district court could have imposed based on the facts admitted.

At oral argument, the government informed us of a new, pending conspiracy charge against both Burgert and Tracy

Brockaway, as codefendants. Brockaway was the passenger in Burgert's car whom he allegedly endangered during his flight. The facts surrounding this new charge may shed additional light on whether Brockaway was "another person," as defined in § 3C1.2. In light of the new charge and the potential *Blakely* issue, we vacate Burgert's sentence and remand for resentencing.

The judgment of conviction is affirmed. Although we find no infirmity in the condition of release, we vacate the sentence and remand for resentencing.

Conviction AFFIRMED; sentence VACATED and REMANDED.