**UNITED STATES of America, Plaintiff—Appellee,**

**v.**

**Jonathan POWERS, Defendant— Appellant.**

**No. 04–50041.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 7, 2005.

Decided March 23, 2005.

Stephen G. Wolfe, Esq., Ronald L. Cheng, Esq., Office of the U.S. Attorney

---

Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Michael Tanaka, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: GRABER and CALLAHAN, Circuit Judges, and BREYER,* District Judge.

MEMORANDUM **

In appealing his conviction for possessing child pornography under 18 U.S.C. § 2252A(a)(5)(B), the appellant contends that the district court abused its discretion under Federal Rule of Evidence 403 in permitting the government to admit portions of three child pornography magazines. We review the district court's decision for an abuse of discretion. *United States v. Plancarte–Alvarez*, 366 F.3d 1058, 1062 (9th Cir.2004).

■ The record reveals that the district court did not abuse its discretion in admitting the evidence because the appellant did not stipulate to any of the elements of the charged crime, the magazines were probative of several elements, and the district court took steps that prevented the danger of unfair prejudice, such as redacting the magazines and giving the jury an effective limiting instruction. FED.R.EVID. 403; *see also United States v. Merino–Balderrama*, 146 F.3d 758, 762 (9th Cir.1998) (observing that it would have been unnecessary for the government to admit child-pornography evidence if the government had not rejected the defendant's offer to stipulate to elements of the crime); *United States v. Manarite*, 44 F.3d 1407, 1419 (9th Cir. 1995) (factoring redacted evidence into Rule 403 analysis to determine that trial judge did not abuse discretion in admitting evidence); *United States v. Houser*, 929 F.2d 1369, 1373 (9th Cir.1991) (finding no abuse of discretion where "the district court carefully instructed the jury on the limited purposes for which the evidence was admitted"), *abrogated on other grounds by Buford v. United States*, 532 U.S. 59, 64, 121 S.Ct. 1276, 149 L.Ed.2d 197 (2001).

■ The appellant also claims that the district court committed plain error in imposing several special conditions of supervised release, including a limited waiver of confidentiality to allow disclosure of his mental-health treatment records to his probation officer, a prohibition on possessing pornographic materials, and restricted Internet access.[1] The appellant fails to show that the district court plainly erred in imposing these conditions. This court has held in similar circumstances that these special conditions relate to the proper goals of rehabilitating a defendant and protecting the public from continued criminal behavior. *See United States v. Antelope*, 395 F.3d 1128, 1141–42 (9th Cir.2005) (affirming broad ban on Internet access); *see also United States v. Rearden*, 349 F.3d 608, 618–20 (9th Cir.2003) (approving waiver of confidentiality for mental-health

---

* The Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the appellant failed to raise this issue in the district court, our review is for plain error. FED. R.CRIM. P. 52(b); *United States v. Ortiz*, 362 F.3d 1274, 1278 (9th Cir. 2004); *United States v. Rearden*, 349 F.3d 608, 618 (9th Cir.2003).

treatment records, prohibition on possession of sexually explicit materials, and ban on Internet access), *cert. denied,* —— U.S. ——, 125 S.Ct. 32, 160 L.Ed.2d 32 (2004); *United States v. Bee,* 162 F.3d 1232, 1235 (9th Cir.1998) (allowing prohibition on possession of sexually oriented materials). Accordingly, the appellant's conviction and disputed conditions of supervised release are hereby

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.