**Neil B. STAFFORD, Plaintiff–Appellant,**

v.

**JOSEPHINE COUNTY BOARD OF COMMISSIONERS; et al., Defendants–Appellees.**

**No. 05–36209.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007.*

Filed Feb. 28, 2007.

Neil B. Stafford, Grants Pass, OR, pro se.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

Former Oregon state prisoner Neil B. Stafford appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging defendants violated his constitutional rights during his participation in sex offender treatment as a condition of his parole. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Barren v. Harrington,* 152 F.3d 1193, 1195 (9th Cir.1998) (order), and we may affirm for any reason supported by the record, *Tanaka v. Univ. of S. Cal.,* 252 F.3d 1059, 1062 (9th Cir.2001).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**632**

The district court did not err in dismissing this action, because the majority of the claims were or could have been litigated in Stafford's prior federal action, *Stafford v. Cassidy*, no. 04–cv–03078–HO (D.Oregon). *See Tahoe Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir.2003) ("Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties").

The district court also properly concluded Stafford failed to state a claim against remaining defendant Milligan for failing to recognize Stafford had been convicted for activity that did not amount to a crime, because a judgment in Stafford's favor on this claim would necessarily imply the invalidity of his conviction. *See Heck v. Humphrey*, 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Moreover, the district court properly concluded Stafford failed to state a claim that Milligan violated his constitutional rights by requiring him to accept responsibility for his conviction as a condition of continuing treatment under her care. *See United States v. Bee*, 162 F.3d 1232, 1234–35 (9th Cir.1998) (discussing permissible probation conditions for convicted sex offenders); *see also Neal v. Shimoda*, 131 F.3d 818, 833 (9th Cir.1997) (forced participation of convicted sex offender in a treatment program does not amount to cruel and unusual punishment).

Stafford's remaining contentions lack merit.

**AFFIRMED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.