**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Darren William BELL, Defendant—
Appellant.**

**No. 06–50530.**

United States Court of Appeals,
Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

462

leftSubmitted July 9, 2007.*

Filed July 20, 2007.

Becky S. Walker, Esq., Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, Brent G. Tabacchi, AUSA, Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

Jonathan D. Libby, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: LEAVY, THOMAS, and BERZON, Circuit Judges.

MEMORANDUM **

Darren William Bell appeals from his guilty-plea conviction and sentence of 30 months and five years supervised release for possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion, *United States v. Bee,* 162 F.3d 1232, 1234 (9th Cir.1998), and we affirm.

Bell challenges a special condition of supervised release that prohibits him from using the Internet or Internet-ready devices without permission of his probation officer, because he contends this condition involves a greater deprivation of liberty than is reasonably necessary. This contention is foreclosed by *United States v. Antelope,* 395 F.3d 1128, 1142 (9th Cir. 2005), and *United States v. Rearden,* 349 F.3d 608, 619–21 (9th Cir.2003).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Bell also challenges a special condition of supervised release that prohibits him from possessing materials depicting or describing "sexually explicit conduct" as defined by 18 U.S.C. § 2256(2), because he contends this condition is overly broad and proscribes constitutionally protected speech. This contention is foreclosed by *Rearden,* 349 F.3d at 620.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.