**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30270 |
| Plaintiff - Appellee, | D.C. No. 4:03-cr-00004-SEH-1 |
| v. | |
| JOHN LITTLE DOG, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted August 28, 2012
Seattle, Washington

Before: SCHROEDER and GOULD, Circuit Judges, and FRIEDMAN, Senior
District Judge.[**]

John Little Dog's supervised release was revoked after he violated one of his

special conditions of release by possessing pornographic materials. He appeals his

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Paul L. Friedman, Senior District Judge for the U.S.
District Court for the District of Columbia, sitting by designation.

twelve-month revocation sentence as unreasonably lengthy. "[A] district court, when revoking supervised release, has discretion to go outside the suggested sentencing range of the policy statements up to the statutory maximum listed in 18 U.S.C. § 3583(e)(3)." *United States v. Musa*, 220 F.3d 1096, 1101 (9th Cir. 2000). Sentences imposed upon revocation of supervised release are reviewed for reasonableness, *United States v. Simtob*, 485 F.3d 1058, 1061 (9th Cir. 2007), under an abuse of discretion standard, *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc), even where, as here, the defendant did not object at sentencing. *United States v. Autery*, 555 F.3d 864, 871 (9th Cir. 2009).

The district court did not abuse its discretion by imposing a sentence above the three-to-nine-month range recommended by Chapter 7 of the United States Sentencing Guidelines. The court was within its discretion to conclude that Little Dog's repeated violations of his supervised release condition and his persistence even after being censured by his probation officer for the first violation represented "a serious breach of the trust that the court placed in [him]," warranting a three-month upward departure from the Guidelines sentencing range.

The district court also imposed the following special condition of supervised release on Little Dog, similar to the original condition he violated:

> The defendant shall not possess any materials depicting sexually explicit conduct as defined in 18 United States Code Section 2256(2)(a)(i) through (v), including visual, auditory, telephonic, or electronic media and computer programs or services. The defendant shall not patronize any place where such material or entertainment is available. The defendant further shall not utilize 900 or adult telephone numbers or any other sex-related numbers.

Little Dog contends that the prohibition on patronizing "any place" where sexually explicit materials are "available" is unreasonably overbroad. Because Little Dog objected to this condition at his revocation hearing, our review is for abuse of discretion. *United States v. Goddard*, 537 F.3d 1087, 1089 (9th Cir. 2008). "We review the language of the condition as it is written and cannot assume . . . that it will be interpreted contrary to its plain language." *United States v. Cope*, 527 F.3d 944, 958 (9th Cir. 2008) (quotation omitted); *see also United States v. Guagliardo*, 278 F.3d 868, 872 (9th Cir. 2002).

In *United States v. Bee*, 162 F.3d 1232, 1234–35 (9th Cir. 1998), we upheld a special condition of release nearly identical to that which Little Dog challenges, but we addressed only the prohibition on possessing sexually explicit materials, not the broader ban on patronizing any establishment where such materials are available. Read literally, the latter prohibition bars Little Dog from any convenience store, pharmacy, or bookstore that stocks pornographic magazines, as well as from mainstream video stores and theaters featuring R-rated films. Indeed,

the government concedes that Little Dog would be violating his supervised release terms if he were to patronize a gas station where pornographic magazines are available behind the counter. At least for an individual like Little Dog, who resides in a small community where the choice of public establishments may be more limited than elsewhere, a prohibition of this breadth entails "a greater deprivation of liberty than is reasonably required to achieve deterrence, public protection, and offender rehabilitation." *United States v. Blinkinsop*, 606 F.3d 1110, 1119 (9th Cir. 2010) (quotation omitted); *see* 18 U.S.C. § 3583(d)(2).

Although we conclude that the challenged provision is overbroad, it is the district court that must alter the conditions of a defendant's supervised release. *Cope*, 527 F.3d at 957. We direct the district court on remand to amend this condition to clarify that the proscription does not extend to establishments with an acceptable business purpose, such as grocery stores, convenience stores, and gas stations. The district court may continue to prohibit Little Dog from patronizing establishments where sexually explicit material is the primary business purpose, such as adult bookstores and adult theaters.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

4