**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 24 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30239 |
| Plaintiff - Appellee, | |
| v. | D.C. No. 9:13-cr-00030-DWM-5 |
| TONY BRONSON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30240 |
| Plaintiff - Appellee, | |
| v. | D.C. No. 9:14-cr-00019-DWM-1 |
| TONY BRONSON, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, Senior District Judge, Presiding

Argued and Submitted December 8, 2015

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1

Seattle, Washington

Before: McKEOWN and TALLMAN, Circuit Judges and GLEASON,[**] District Judge.

Tony Bronson appeals his sentence following his conviction by guilty plea to two counts of conspiracy to advertise child pornography in violation of 18 U.S.C. § 2251(d) and (e).  Bronson concedes that he knowingly and voluntarily waived "any right to appeal his sentence."  However, Bronson argues that his appeal waiver does not apply because his sentence "violates the law." *United States v. Watson*, 582 F.3d 974, 987 (9th Cir. 2009).  We have jurisdiction under 28 U.S.C. § 1291, hold the illegality exception does not apply to invalidate Bronson's appeal waiver, and dismiss the appeal.

1. The challenged special condition of supervised release is not unconstitutionally vague.  The special condition, which prohibits Bronson from knowingly producing, possessing, or viewing "a visual depiction of any kind, including a drawing, cartoon, sculpture, or painting" that: (1) "depicts a minor engaging in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2)(A)(I)-(v), (5), (8), (9) and (10)," and (2) "is obscene, as defined in *Miller v. California*, 413 U.S. 15 (1973)," gives Bronson "fair notice of what is prohibited" and is not "so

---

[**] The Honorable Sharon L. Gleason, U.S. District Judge for the District of Alaska, sitting by designation.

standardless that it authorizes or encourages seriously discriminatory enforcement." *United States v. Williams*, 553 U.S. 285, 304 (2008) (citation omitted).

The condition "is limited to the prohibition of obscene material and thus employs the same *Miller* requirements that the Supreme Court has already deemed valid." *United States v. Schales*, 546 F.3d 965, 973 (9th Cir. 2008); *see also United States v. Guagliardo*, 278 F.3d 868, 872 (9th Cir. 2002) (noting that obscenity has a "recognized legal definition"). Therefore, Bronson is on fair notice that he will violate his supervised release if he draws an obscene picture of a minor engaging in sexually explicit conduct. *See Williams*, 553 U.S. at 304 ("[P]erfect clarity and precise guidance have never been required even of regulations that restrict expressive activity.") (citation omitted).

2. The district court did not unconstitutionally delegate its judicial authority to the United States probation officer, because it is the court which properly decides the "nature [and] extent of the punishment imposed upon [Bronson]." *United States v. Stephens*, 424 F.3d 876, 881 (9th Cir. 2005) (citation omitted). While Bronson's probation officer will "have some degree of discretion to decide which materials the condition restricts" and will bring alleged violations of the special condition to the district court's attention, Bronson's probation officer will

3

not usurp the role of the judiciary. *See United States v. Gnirke*, 775 F.3d 1155, 1166 (9th Cir. 2015); *see also United States v. Bee*, 162 F.3d 1232, 1234–35 (9th Cir. 1998). Ultimately, the court will determine whether Bronson has violated his supervised release when a properly supported revocation petition is lodged by the probation officer, and if sustained, how best to address the violation. *See United States v. Soltero*, 510 F.3d 858, 864 n.6 (9th Cir. 2007). In sum, Bronson's punishment will be "within the hands of the court at the time of the hearing on violations of the conditions of supervised release." *Id.*

Because Bronson's sentence does not "violate the law," we enforce the appellate waiver.

**DISMISSED.**