NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 14 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   17-10505 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00340-APG-PAL-1 |
| v. | |
| JOHNSTON BLACKHORSE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted December 21, 2018[**]
San Francisco, California

Before:  M. SMITH, NGUYEN, and BENNETT, Circuit Judges.

Johnston Blackhorse appeals the district court's imposition of a special condition of supervised release (Special Condition 4), as well as its finding that Blackhorse violated federal obscenity statutes during supervised release.  We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

1.     The district court did not plainly err in fashioning Special Condition 4.  We have repeatedly affirmed similar conditions of supervised release.  *See, e.g., United States v. Daniels*, 541 F.3d 915, 927–28 (9th Cir. 2008); *United States v. Rearden*, 349 F.3d 608, 618–20 (9th Cir. 2003); *United States v. Bee*, 162 F.3d 1232, 1234–35 (9th Cir. 1998).  Thus, the district court could not have plainly erred.  *See United States v. Gnirke*, 775 F.3d 1155, 1164 (9th Cir. 2015).  And because Special Condition 4 extends to material depicting and/or describing simulated sexually explicit conduct involving children *but not adults*, it does not suffer from the overbreadth concerns that we articulated in *Gnirke*.  *See id.* at 1163.  For substantially the same reasons articulated in *Daniels*, *Rearden*, and *Bee*, we affirm the district court's imposition of Special Condition 4.[1]

2.     The district court did not abuse its discretion in finding by a preponderance of the evidence that Blackhorse violated the obscenity statutes.  Before the district court, Blackhorse did not clearly argue that his drawings are not obscene under *Miller v. California*, 413 U.S. 15, 24–25 (1973).  Nor did Blackhorse make an evidentiary objection concerning the district court's obscenity finding.  *See United States v. Sesma-Hernandez*, 253 F.3d 403, 409 (9th Cir. 2001).  In any event, the district court clearly articulated its findings that Blackhorse's drawings are obscene

---

[1]     We also hold that the word "describing"—as used in Special Condition 4—is not unconstitutionally vague.

2

and that Blackhorse violated the obscenity statutes during supervised release. *See id.* Even assuming the district court did not sufficiently articulate these findings, any such error was harmless. *See United States v. Perez*, 526 F.3d 543, 547 (9th Cir. 2008).

**AFFIRMED.**