**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

v.

CHRISTOPHER DE LEON
GUERRERO,

*Defendant-Appellant*.

No. 22-10042

D.C. No.
1:20-cr-00029-
FMTG-1

OPINION

Appeal from the United States District Court
for the District of Guam
Frances Tydingco-Gatewood, Chief District Judge,
Presiding

Argued and Submitted October 3, 2023
Honolulu, Hawaii

Filed December 26, 2023

Before: Marsha S. Berzon, Eric D. Miller, and Lawrence
VanDyke, Circuit Judges.

Per Curiam Opinion;
Concurrence by Judge Berzon

# SUMMARY[*]

## Criminal Law

The panel affirmed Christopher De Leon Guerrero's convictions and sentence for attempted enticement of a minor in violation of 18 U.S.C. § 2422(b) and 18 U.S.C. § 2, except that it reversed, vacated, and remanded as to three special conditions of supervised release.

Section 2422(b) provides that

> [w]hoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in . . . any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

De Leon Guerrero contended that the predicate-offense element of § 2422(b) was not established because he could not have been charged under Guam law for actions that took place on a federal enclave, Andersen Air Force Base. The panel agreed with both parties that *United States v. Lopez*, 4 F.4th 706 (9th Cir. 2021), forecloses that

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

challenge. Following *Lopez*, the panel affirmed the § 2422(b) convictions by referencing a predicate offense not specified in the indictment—9 Guam Code Ann. § 13.10, the Guam criminal attempt statute—with which De Leon Guerrero could have been charged based on off-base conduct.

With respect to special conditions of supervised release:

The panel remanded with instructions that the district court conform Special Condition 2 to refer to locations "primarily used by" children under 18.

The panel remanded with instructions that the district court conform Special Condition 4 to the holding in *United States v. Gnirke*, 775 F.3d 1155 (9th Cir. 2015), which cautioned that conditions that too broadly restrict access to sexual images raise serious First Amendment issues.

The panel remanded with instructions that the district court modify Special Condition 14 to conform with the assessment-based approach to sex-offense-specific treatment announced at De Leon Guerrero's sentencing.

Concurring, Judge Berzon wrote separately to explain three reasons why the reasoning and holding of *Lopez*, which dictates the resolution of the conviction issue in this case, are seriously mistaken: (1) the reasoning of *Lopez* is at war with the statutory text of § 2422(b); (2) *Lopez* creates stark problems of judicial administrability and overreach; and (3) *Lopez* muddles the case law in this circuit by looking exclusively to territorial law to locate a predicate offense.

## COUNSEL

Sonam A.H. Henderson (argued), Assistant Federal Public Defender; Cuauhtemoc Ortega, Federal Public Defender; Federal Public Defender's Office, Los Angeles, California; for Defendant-Appellant.

Benjamin K. Petersburg (argued), Assistant United States Attorney, United States Attorney's Office, Hagatna, Guam, for Plaintiff-Appellee.

## OPINION

PER CURIAM:

Christopher De Leon Guerrero appeals from his convictions and sentence on two counts of attempted enticement of a minor. We affirm his convictions and sentence, except that we reverse, vacate, and remand as to three special conditions of supervised release.

### I. Background

In November 2020, De Leon Guerrero replied to an online post by "Emily." He believed she was a thirteen-year-old girl living on Andersen Air Force Base. In actuality, "Emily" was a make-believe persona created by federal agents as part of an undercover operation to identify individuals "with access to Andersen Air Force Base who were willing to engage in sexual conversation or attempt to meet a minor for sexual contact."

De Leon Guerrero and "Emily" had online conversations over several days, during which they discussed engaging in

sexual activity together. The two talked about meeting on Andersen Air Force Base over an upcoming weekend. Among other sexual activities, De Leon Guerrero discussed performing oral sex on "Emily" and having sexual intercourse with her.

On November 19, De Leon Guerrero told "Emily" that he would buy condoms before they met. The next day, they made plans to meet at "Emily's" house on Andersen Air Force Base. That evening, De Leon Guerrero arrived at the on-base house he believed to be "Emily's" with condoms in his truck. After parking, he was questioned and arrested by federal agents.

A grand jury returned an indictment charging De Leon Guerrero with two counts of attempted enticement of a minor in violation of 18 U.S.C. § 2422(b) and 18 U.S.C. § 2. Section 2422(b) provides that

> [w]hoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in . . . any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

18 U.S.C. § 2422(b). Each count specified a chargeable predicate offense under Guam law, namely first-degree criminal sexual conduct in violation of 9 Guam Code Ann.

§ 25.15(a)(1)[1] and second-degree criminal sexual conduct in violation of 9 Guam Code Ann. § 25.20(a)(1).[2]

After De Leon Guerrero was convicted on both counts, the district court sentenced him to a ten-year mandatory minimum term in prison and five years of supervised release. As part of De Leon Guerrero's supervised release, the district court imposed several special conditions, described orally at his sentencing and in the written judgment that followed.

## II. Convictions

Because De Leon Guerrero "did not make a Rule 29(a) motion" to preserve his objection to the sufficiency of the evidence, we "review his claim for plain error." *United States v. Chu*, 5 F.3d 1244, 1248 (9th Cir. 1993).

De Leon Guerrero objects that his convictions under § 2422(b) are not supported by sufficient evidence. He could not have been charged under Guam law, he contends, for actions that took place on a federal enclave, Andersen Air Force Base, so the predicate-offense element of § 2422(b) was not established. We agree with both parties that our precedent in *United States v. Lopez* forecloses that challenge. 4 F.4th 706 (9th Cir. 2021).

The defendant in *Lopez* was arrested in Guam after arranging to meet up for sexual activity on Andersen Air Force Base with "Brit," whom he believed to be a thirteen-

---

[1] That Guam statute bans "sexual penetration with . . . [a] victim [who] is under fourteen (14) years of age." 9 Guam Code Ann. § 25.15(a)(1).

[2] That Guam statute bans "sexual contact with another person . . . [if] that other person is under fourteen (14) years of age." 9 Guam Code Ann. § 25.20(a)(1).

year-old girl but who was in fact a federal agent. *Id.* at 712-13. An indictment charged Lopez with violating § 2422(b) by attempting to entice a minor to engage in a chargeable sexual activity, namely sexual penetration of a minor in violation of § 25.15(a)(1). *Id.* at 713. He was convicted. *Id.* at 712. On appeal, Lopez challenged the sufficiency of the evidence in support of that conviction; he disputed that the predicate Guam offense was chargeable, maintaining that his contemplated conduct was on-base and so beyond Guam's criminal jurisdiction. *Id.* at 718-19. This court affirmed his conviction, reasoning that § 2422(b)'s chargeable-offense element was satisfied as Lopez could have been charged for a *different* predicate offense given his off-base conduct—namely attempted sexual penetration of a minor under 9 Guam Code Ann. § 13.10 with reference to § 25.15(a)(1). *See id.* at 724. We concluded that the attempt conduct—Lopez's emails and text messages—took place off-base in Guam, so he could have been prosecuted for it. *Id.* at 724.

Following *Lopez*, we affirm De Leon Guerrero's § 2422(b) convictions by referencing another predicate offense, not specified in the indictment, with which he could have been charged. *See id.* at 724-25. Both of De Leon Guerrero's convictions under §2422(b) can be supported by § 13.10, the Guam criminal attempt statute relied upon in *Lopez*. *See id.*

Under that statute, "[a]n attempt conviction requires proof of the defendant's 'intent to engage in conduct which would constitute such crime' and 'a substantial step toward commission of the crime.'" *Lopez*, 4 F.4th at 724 (quoting 9 Guam Code Ann. § 13.10). "That is exactly what happened here when [De Leon Guerrero] intentionally communicated with ['Emily'] from within the Territory of Guam in furtherance of his goal of sexual penetration" in violation of

§ 25.15(a)(1) and of sexual conduct in violation of § 25.20(a)(1). *Id.* The full § 13.10 predicate offenses for purposes of § 2422(b) would thus be attempted sexual penetration of a minor (as in *Lopez*) and attempted sexual conduct with a minor.

At trial, the government "introduced records of [online] communications in which [De Leon Guerrero] discussed sex with ['Emily'] and sought to persuade 'her' to have sex when they met in person." *Id.* "A reasonable jury could conclude some of the communications with ['Emily'] were sent from off-base locations, including from [De Leon Guerrero's] home, where he spent substantial time and likely formed the intent sexually to penetrate [and have sexual conduct with] a minor. It is well established that communications intended to groom a victim to engage in sexual activity in the future constitute substantial steps toward the completion of a crime." *Id.*

In light of *Lopez*, we conclude, after identifying a predicate offense for each count with which he could have been charged based on off-base conduct, that "it was not error, let alone plain error, for the district court to enter a judgment of conviction" on that record as to both counts under § 2422(b). *Id.* at 719.

### III. Sentence

The parties agree that De Leon Guerrero's sentence should be reversed, vacated, and remanded to the district court for reconsideration of three special conditions imposed on his supervised release. We have previously remanded criminal cases for resentencing where both parties so request. *See, e.g.*, *United States v. Gurolla*, 333 F.3d 944, 958 (9th Cir. 2003). Remand is warranted here based on our

precedents disapproving of comparable conditions of supervised release.

1. Special Condition 2 provides that De Leon Guerrero "must not go to, or remain at, any place where [he] know[s] children under the age of 18 are likely to be, including parks, libraries, schools, playgrounds, and childcare facilities without prior approval of the probation officer." That condition, as written, sweeps too broadly. It is not limited to the five examples given but would ban De Leon Guerrero from a wide range of locations where children often go, including hospitals, courthouses, places of worship, grocery stores, and gas stations. Additionally, it will require him to engage in a probabilistic guessing game to determine where children are "likely to be."

We have approved similar conditions that, as worded, do not have the defects of this one. *United States v. Bee* upheld a condition that banned the defendant while on supervised release from "loiter[ing] within 100 feet of school yards, parks, playgrounds, arcades, or other places primarily used by" children. 162 F.3d 1232, 1235-36 (9th Cir. 1998). Both parties favorably referenced this language from *Bee*. We remand with instructions that the district court conform Special Condition 2 to refer, as in *Bee*, to locations "primarily used by" children under 18.

2. Special Condition 4 as included in the written judgment provides that De Leon Guerrero "must not view or possess any 'visual depiction' (as defined in 18 U.S.C. § 2256), including any photograph, film, video, picture, or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of

'sexually explicit conduct' (as defined in 18 U.S.C. § 2256)."**3**

Our court has cautioned that conditions of supervised release that too broadly restrict access to sexual images raise serious First Amendment issues. *See United States v. Gnirke*, 775 F.3d 1155, 1163-65 (9th Cir. 2015). *Gnirke* offered guidance for appropriately tailoring such restrictions, construing a similar condition of supervised release to apply "(1) to any materials with depictions of 'sexually explicit conduct' involving children, as defined by 18 U.S.C. § 2256(2), and (2) to any materials with depictions of 'sexually explicit conduct' involving adults, defined as explicit sexually stimulating depictions of adult sexual conduct that are deemed inappropriate by Gnirke's probation officer." *See id.* at 1166. We remand with instructions that the district court conform Special Condition 4 to our holding in *Gnirke*.

3.  Special Condition 14 provides in part that De Leon Guerrero "*must* participate in a sex offense-specific treatment program and follow the rules and regulations of that program." (Emphasis added.) At De Leon Guerrero's

---

[3] At De Leon Guerrero's sentencing, the district court described this condition as providing that he "must not view or possess any visual depiction, as defined, including any photograph, film, video, picture or computer-generated image or picture, whether made or produced . . . electronically, mechanically or other means produced of 'sexually explicit conduct.' And your probation officer can define that to you, okay." Contrary to De Leon Guerrero's characterization, that description is compatible with the later written version, if understood to contemplate that the probation officer will define "sexually explicit conduct" *based on the relevant statute* defining that term. The court's description cannot reasonably be read as allowing probation officers free rein to create their own definition, and so is consistent with the written version.

sentencing, the district court announced the condition otherwise:

> You must participate in a sex offense specific *assessment*. You must pay the cost of the assessment based on your ability to pay and follow the rules and regulations of the program and pay for that *if you're assessed to have any issues*. It could be that you come out of prison and they assess you they say, no, you're fine, *so you may not have to do it*.

(Emphases added.) De Leon Guerrero objects that the district court impermissibly transformed sex-offense-specific treatment from a potential requirement (contingent on an evaluation) into a mandatory one, and that the contingent oral pronouncement at sentencing controls.

Our case law makes clear that he is right—as to sentencing, the oral pronouncement controls if it varies from the written judgment. *See United States v. Montoya*, 82 F.4th 640, 648 (9th Cir. 2023) (en banc). We therefore remand with instructions that the district court modify Special Condition 14 to conform with the assessment-based approach to sex-offense-specific treatment announced at De Leon Guerrero's sentencing.

**AFFIRMED IN PART and REVERSED, VACATED, AND REMANDED IN PART.**

BERZON, Circuit Judge, concurring:

The resolution of the conviction issue in this case is dictated by *United States v. Lopez*. *See* 4 F.4th 706 (9th Cir. 2021). But I am convinced that *Lopez*'s reasoning and holding are seriously mistaken. I write separately to explain three reasons that is so.[1]

## I.

First, the reasoning of *Lopez* is at war with the statutory text of 18 U.S.C. § 2422(b).

Section 2422(b) provides that

> [w]hoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any

---

[1] Judge Bennett's dissent in *Lopez* persuasively discussed additional problems. He explained that the government should be required to prove the predicate offense alleged in a § 2422(b) indictment, and that convicting under a different offense "changes [the indictment] materially" and so violates the Fifth Amendment. *United States v. Lopez*, 4 F.4th 706, 738 (9th Cir. 2021) (Bennet, J., dissenting); *see id.* at 735-42. He also noted that, as construed in *Lopez*, § 2422(b) "perhaps . . . allows the government to . . . not specify[] a predicate offense" before a grand jury, *id.* at 740—even though the phrase "'any sexual activity for which any person can be charged with a criminal offense' is an element that requires statutes to give it meaning," *id.* at 741 (quoting 18 U.S.C. § 2422(b)), because "possible predicate offenses have different elements and require different facts to prove those elements, which facts would need to be presented to the grand jury," *id*. Finally, Judge Bennett objected that "the jury [in *Lopez*] was specifically instructed that the government must prove beyond a reasonable doubt a predicate crime that Lopez did not commit." *Id.* at 741 n.21.

> individual who has not attained the age of 18 years, to engage in . . . any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

18 U.S.C. § 2422(b). *Lopez* affirmed a challenged conviction by identifying the relevant predicate "sexual activity for which any person can be charged with a criminal offense" as attempted sexual penetration of a minor. *Id.*; *see United States v. Lopez*, 4 F.4th 706, 724 (9th Cir. 2021) (citing Guam's criminal-attempt statute, 9 Guam Code Ann. § 13.10, with reference to Guam's sexual-penetration statute, 9 Guam Code Ann. § 25.15). On this view, Lopez's federal crime was inducing a minor to engage in *attempted* sexual penetration. But attempted sexual penetration— which, in *Lopez*, involved emails discussing sex—is not itself a sexual activity. *See id.* at 724-25; *see also Sexual Activity*, *Black's Law Dictionary* (11th ed. 2019) (referring to the entry for "sexual relations"); *Sexual Relations*, *Black's Law Dictionary* (11th ed. 2019) (defining "sexual relations" as "*[p]hysical* sexual activity" and synonymous with "sexual activity" and "sex act" (emphasis added)). That is, the chargeable conduct on which *Lopez* relies is not itself a sexual activity and thus not an appropriate predicate under § 2422(b).

The structure of § 2422(b) confirms that, contrary to *Lopez*, the "sexual activity" predicate must be a physical activity, not an attempt at such activity. Section 2422(b) proscribes inducing a minor to engage in sexual activity or "attempt[ing] to do so." 18 U.S.C. § 2422(b). Given this dual prohibition, the meaning of "sexual activity" in the statute

cannot also refer to inchoate crimes; the underlying reference must instead be to actual sexual activity. Otherwise, the offense in *Lopez* and in this case—in which there was no physical sexual activity, only an attempt to do so—becomes "attempting to entice to attempt [to sexually penetrate a minor]," an incoherent concept. *Lopez*, 4 F.4th at 734 (Bennett, J., dissenting in part).

*Lopez* nowhere addresses what predicate "sexual activit[ies]" can sustain a § 2422(b) conviction nor explains how an attempt under § 13.10 can be "sexual activity" when no physical activity occurs, given that § 2422(b) itself reaches attempts. These shortcomings risk significantly expanding the scope of liability under § 2422(b) by broadening the pool of possible predicate offenses well beyond what the statute contemplates.

## II.

Second, *Lopez* creates stark problems of judicial administrability and overreach. *Lopez* sustained a § 2422(b) conviction based on a predicate offense articulated *sua sponte* and for the first time by this court on appeal. *See id.* at 724-25 (majority opinion). In doing so, *Lopez* held that the predicate offense need not be specified in the indictment. *See id.* at 726. Instead, *Lopez* held it sufficient that "the Government proved at trial that Lopez's proposed conduct would have been unlawful under another Guam statute which requires proof of an attempt to engage in sexual penetration," *id*. at 729, and then reasoned that "[a]n attempt conviction [under § 13.10] requires proof of the defendant's intent . . . [and] a substantial step . . . . That is exactly what happened here when Lopez intentionally communicated with 'Brit' from within the Territory of Guam in furtherance of his goal of sexual penetration," *id.* at 724 (citations and

quotation marks omitted). So the *Lopez* decision itself—but not the indictment and not the jury instructions, *id.* at 725, 729—identified the elements of § 13.10 and then concluded that the trial evidence was sufficient to show that Lopez could be charged under that Guam statute.

*Lopez* does recognize that, "[o]nce the government adduced evidence that [a defendant] proposed sexual conduct to a minor, the jury was required to determine whether the sexual conduct [proposed] was considered criminal in Guam or another territorial jurisdiction." *Id.* at 731. But then, *Lopez* placed the burden of locating applicable predicate offenses on the district court rather than on the government. That is, "the burden was on the district court, not the Government" in its charging document, to find an "applicable federal, state, [or] territorial law[]" that fit the conduct charged under § 2422(b). *Id.* The only reason provided for absolving the government of its usual responsibility to identify the legal basis for any charge is that "[f]ederal courts may take judicial notice of matters of public record, including statutes." *Id.*

So, according to *Lopez*, the district court was obliged to "ensure the jury possessed the requisite background knowledge to evaluate the sufficiency of the Government's evidence against applicable criminal laws," such that its "failure to do so was error." *Id*. This approach imposes an impractical obligation on district courts. Given that post-*Lopez* indictments under § 2422(b) need not specify *any* predicate offense, *id.* at 719, this framework requires district courts to determine the potential predicate offenses (which may be numerous) and then to provide the jury with sufficient background knowledge about each offense.

Moreover, *Lopez* held that even though the district court in that case did not in fact instruct the jury on a viable predicate offense, it did not plainly err because there was no effect on Lopez's substantial rights. *Id.* In light of the evidence, *Lopez* held, there was no reasonable probability that the trial result would have been different had the jury been properly instructed. *Id.* But *Lopez* also contemplated "different Section 2422(b) case[s] in which the definition of applicable federal or state offenses would influence the jury's evaluation of whether the defendant proposed sexual conduct that would have been criminal." *Id.* This approach authorizes extraordinary judicial overreach. That is, *Lopez* allows district courts, through their unilateral choice of which "applicable criminal laws" to present to the jury, retrospectively to influence (if not determine) whether the evidence presented by the government is sufficient to meet the "sexual activity" element needed to convict.

Beyond the jurisprudential issues described above, *Lopez*'s framework also encroaches on important constitutional interests. Under the approach endorsed by *Lopez*, a § 2422(b) defendant may not know which predicate offenses (or even how many) are in play until the court gives its instructions to the jury *after* both parties put on their cases (or even, as in *Lopez* itself, until an appellate court identifies a predicate offense). Such lack of notice threatens defendants' due-process rights, denying them the ability to respond adequately at trial and put on a defense.

## III.

Finally, *Lopez* muddles the case law in this circuit by looking exclusively to territorial law to locate a predicate

offense under § 2422(b). As Judge Bennett noted in his dissent, it is difficult

> [to] understand why the Majority discusses *this* particular uncharged predicate offense [§ 13.10]. As Lopez himself acknowledged at oral argument, the government could have charged him with enticement in violation of § 2422(b), with the predicate offense of sexual abuse of a minor within the Special Maritime and Territorial Jurisdiction of the United States, in violation of 18 U.S.C. § 2243(a).

*Id.* at 734 n.5 (Bennett, J., dissenting in part). Indeed, § 2243(a) would have been an appropriate predicate offense in Lopez's circumstances and, as the government and counsel for De Leon Guerrero agreed at oral argument in this case, more generally as well.

That federal statute provides that

> [w]hoever, in the special maritime and territorial jurisdiction of the United States . . . knowingly engages in a sexual act with another person who—
>
> > (1) has attained the age of 12 years but has not attained the age of 16 years; and
> >
> > (2) is at least four years younger than the person so engaging; or attempts to do so,

> shall be fined under this title, imprisoned
> not more than 15 years, or both.

18 U.S.C. § 2243(a). Relevantly, § 2243(a) both clearly governs an actual "sexual activity" (unlike 9 Guam Code Ann. § 13.10) and, as a federal law expressly applicable to the territorial jurisdiction of the United States, avoids questions about the reach of Guam law on Andersen Air Force Base.[2] Yet, despite the reference in Judge Bennett's dissent, *Lopez* never discusses § 2243(a) and only mentions in passing the general use of federal law as a predicate offense. *See Lopez*, 4 F.4th at 730 (referring to charges under "federal, state, or territorial law"). So *Lopez* creates the impression—erroneously—that a § 2422(b) prosecution must rest on proof of a state or territorial, not a federal, offense.[3]

---

[2] "Federal prosecutors exercise exclusive criminal jurisdiction over [Andersen Air Force Base] because the base is a federal enclave within the special maritime and territorial jurisdiction of the United States." *Lopez*, 4 F.4th at 724 (majority opinion). "Guam would have lacked jurisdiction to prosecute an offense taking place exclusively within [on-base] territory, and the evidence adduced at trial indicated Lopez proposed to meet 'Brit' only at locations within [the base]." *Id.* at 725.

[3] Unlike proceeding under § 2243(a) directly, prosecuting under § 2422(b) carries the ability to charge for attempted conduct, as well as the potential for a significantly longer sentence. *Compare* 18 U.S.C. § 2243(a) (providing for a 15-year maximum sentence but not covering attempts) *with* 18 U.S.C. § 2422(b) (providing for a maximum sentence of life and covering attempts). Conversely, § 2243(a)'s age-based restrictions narrow the sweep of the chargeable offense. *See id.* § 2243(a). Proceeding under § 2422(b) based on predicate state or territorial offenses permits the prosecution to seek conviction under statutes that do not impose a four-year age range for the victim or an age differential between the victim and the perpetrator.

It appears that there are vanishingly few § 2422(b) prosecutions based on federal predicate offenses, at least as recorded in the standard online databases. Beyond Judge Bennett's dissent in *Lopez*, acknowledgments that federal predicate offenses may be used are few and far between. I write separately in part to correct any misimpression left by that silence.[4] *Lopez*'s reflexive turn to territorial law to locate predicate conduct unnecessarily confuses this court's case law on § 2422(b).

---

[4] For two brief exceptions, see Br. for the United States in Opposition to Certiorari at 8-9, *Lopez v. United States*, No. 21-7624 (U.S. 2022); Ninth Circuit Model Criminal Jury Instructions 8.192A (referring to "criminal offense[s] under the laws of [the United States]").