**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50557 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-01720-WQH-1 |
| v. | |
| JESUS CORONA-RIVERA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted May 4, 2011
Pasadena, California

Before: PREGERSON, FISHER and BERZON, Circuit Judges.

Defendant-Appellant was convicted by jury of illegal reentry under 8 U.S.C.

§ 1326. He appeals the district court's (1) denial of his motion to dismiss the

indictment for improper grand jury instructions and (2) the reasonableness of his

sentence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1.  **Grand jury instructions.**[1]  The district court's instructions to the grand

jury were within the bounds of similar instructions we have found constitutional.

*See United States v. Caruto*, 663 F.3d 394, 397-401 (9th Cir. 2010); *United States*

*v. Navarro-Vargas*, 408 F.3d 1184, 1204-05 (9th Cir. 2005).  The district court's

grand jury instructions did not convey to the jury that upon finding probable cause

it was obligated to indict.  *See Caruto*, 663 F.3d at 397-401; *Navarro-Vargas*, 408

F.3d at 1204-05.

2.  **Sentencing.**

a.  **Procedural Challenges.**

i.  The district court did not plainly err in finding that Corona-

Rivera had a previous conviction in August 1990 for violating California Health

and Safety Code § 11360(a) (hereinafter "§ 11360(a)").  *See United States v. Vieke*,

348 F.3d 811, 813 (9th Cir. 2003) (reviewing sentencing challenge for plain error

where, as here, the original objection lacked a "specific substantive basis").  The

pretrial sentencing report (PSR) stated that Corona-Rivera was convicted in August

1990 of violating § 11360(a).  Because Corona-Rivera "did not object to the factual

accuracy of the [PSR], the district court was entitled to treat the factual assertions

---

[1]  United States District Judge Larry A. Burns presided over the grand jury portion of this case.

therein as established." *United States v. Hilgers*, 560 F.3d 944, 948 n.4 (9th Cir. 2009) (citing Fed. R. Crim. Proc. 32(i)(3)(A) ("At sentencing, the court . . . may accept any undisputed portion of the presentence report as a finding of fact.")). Nor was the district court required sua sponte to recognize that the conviction documents did not identify Corona-Rivera by name or contain other adequate "indicia of reliability." The PSR addendum stated that the PSR was prepared based on fingerprint-matched rapsheets, the probation officer testified at sentencing that he relied on official databases and Corona-Rivera did not suggest the preparing officer had reason to prevaricate. *See United States v. Marin-Cuevas*, 147 F.3d 889, 895 (9th Cir. 1998) (district court did not abuse its discretion by accepting PSR as reliable evidence where probation officer who prepared report obtained his information from "a reliable source [like] the computerized criminal history" and "had no reason to prevaricate").

**ii.** The district court did not plainly err in concluding under the modified categorical approach, which Corona-Rivera declined to address before the district court, that Corona-Rivera's conviction was a "drug trafficking offense"

and a "felony" within the meaning of USSG § 2L1.2.[2]  Although § 11360(a)

proscribes a range of actions, the PSR addendum included conviction documents,

including a felony complaint stating that Corona-Rivera (under an alias) was

charged only with "Sale of Marijuana."  The attached plea agreement likewise

revealed that he pled guilty "as charged" and admitted to "unlawfully [selling]

marijuana."  The plea agreement also stated that he faced a maximum of four

years' imprisonment.  The felony complaint and written plea agreement are

quintessential evidence under the modified categorical approach.  *See United*

*States v. Almazan-Becerra*, 537 F.3d 1094, 1095, 1100 (9th Cir. 2008) (relying on

similar records to hold that a conviction for the same act under the same California

statute warranted a 16-level enhancement under the modified categorical

approach).[3]

---

[2] The comments to USSG § 2L1.2 define "drug trafficking offense" as "an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense[,]" USSG § 2L1.2, cmt. n.1(B)(iv), and "felony" as "any federal, state, or local offense punishable by imprisonment for a term exceeding one year[,]" *id*. at cmt. n. 2.

[3] Corona-Rivera's other attempts to escape the plain language of USSG § 2L1.2 fail to persuade.  *See United States v. Treadwell*, 593 F.3d 990, 1006 (9th Cir. 2010) ("If the text of a guideline is unambiguous, its plain meaning controls.").

**iii.** The district court did not abuse its discretion in imposing a 90-month sentence. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2005). The district court methodically considered all of the § 3553 factors and provided a reasoned explanation why it was necessary to sentence Corona-Rivera to a longer sentence than for previous similar convictions.

**b. Substantive challenge.** The district court did not abuse its discretion in adhering to the Guidelines range despite (1) the alleged staleness of the August 1990 conviction and Corona-Rivera's lack of any violent or physically harmful convictions since then, and (2) what he refers to as "the exceptionally benign nature" of the "plus 16" conviction. *See Carty*, 520 F.3d at 993. Unlike in *United States v. Amezcua-Vasquez*, 567 F.3d 1050 (9th Cir. 2009), the district court considered all of the § 3553 factors in light of the concerns Corona-Rivera raised, and came to the reasoned conclusion that his lengthy criminal history and recidivism required a sentence of 90 months to deter future violations and protect the community. *Cf. id.* at 1057 ("[T]he district court applied the Guidelines sentence without considering the defendant-specific facts that made the resulting sentence unreasonable under § 3553(a) – i.e., the staleness of the predicate prior conviction[.]"). Amezcua-Vasquez, moreover, did not have Corona-Rivera's significant immigration record and subsequent history of petty crime. Because it

5

was this history that warranted the long sentence, not the simple fact that Corona-Rivera qualified for an enhancement, Corona-Rivera's 28(j) letter identifying a proposed amendment to the Guidelines that would reduce his offense level by 8, were it made retroactive, does not provide a basis to find an abuse of discretion.

**AFFIRMED.**