**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MANUEL MORFIN-DIAZ,

Defendant-Appellant.

No. 13-30042

D.C. No. 2:12-cr-06031-RMP-1

MEMORANDUM[*]

Appeal from the United States District Court for the
Eastern District of Washington
Rosanna Malouf Peterson, Chief District Judge, Presiding

Argued and Submitted February 7, 2014
Seattle, Washington

Before: GOULD and CHRISTEN Circuit Judges, and KOBAYASHI, District
Judge.[**]

Defendant-appellant Manuel Morfin-Diaz ("Defendant") appeals his

conviction and sentence for illegal reentry into the United States after being

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Leslie E. Kobayashi, United States District Judge for
the District of Hawaii, sitting by designation.

previously deported, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

First, Defendant challenges the district court's denial of his motion to dismiss the indictment. Defendant argues that his 1996 conviction was for the transportation of amphetamine in violation of California Health & Safety Code § 11379 ("Section 11379"), which is not an aggravated felony. Defendant therefore contends that his due process rights were violated because his 1996 conviction does not support the underlying administrative removal order ("Removal Order"). "This Court reviews *de novo* the district court's denial of a motion to dismiss an indictment under 8 U.S.C. § 1326 when the motion is based on an alleged deprivation of due process in the underlying removal proceedings." *United States v. Valdavinos-Torres*, 704 F.3d 679, 685 (9th Cir. 2012) (citations and internal quotation marks omitted).

An element of the crime of illegal reentry under § 1326 is that the defendant must have previously been "denied admission, excluded, deported, or removed or . . . departed the United States while an order of exclusion, deportation, or removal is outstanding." 8 U.S.C. § 1326(a)(1). In order to be successful in a collateral attack on an underlying removal order, a defendant must demonstrate that, *inter alia*, "the entry of the order was fundamentally unfair." 8 U.S.C.

2

§ 1326(d)(3). "An underlying removal order is 'fundamentally unfair' if a defendant's due process rights were violated by defects in his deportation process, and he suffered prejudice as a result." *Valdavinos-Torres*, 704 F.3d at 686 (citations omitted).

Pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." The term "aggravated felony" includes "illicit trafficking in a controlled substance . . . , including a drug trafficking crime." 8 U.S.C. § 1101(a)(43)(B). In determining whether a defendant's offense qualifies as an aggravated felony, this court utilizes the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575, 601-02 (1990). *Valdavinos-Torres*, 704 F.3d at 686. This court has found that Section 11379 is overinclusive compared to its federal counterparts, and therefore a Section 11379 conviction does not qualify as an aggravated felony under the categorical approach. *Sandoval-Lua v. Gonzales*, 499 F.3d 1121, 1128 (9th Cir. 2007), *overruled on other grounds by Young v. Holder*, 697 F.3d 976 (9th Cir. 2012).

When a criminal offense does not satisfy the categorical approach under *Taylor*, the court must then analyze the offense using the "modified categorical approach." *Valdavinos-Torres*, 704 F.3d at 687 (citation and quotation marks omitted). "When applying the modified categorical approach in the context of a

3

guilty plea, [the court] must 'determine whether a guilty plea to an offense defined by a nongeneric statute *necessarily admitted* elements of the generic offense.'" *Young*, 697 F.3d at 983 (emphasis in *Young*) (quoting *United States v. Aguila-Montes de Oca*, 655 F.3d 915, 921 (9th Cir. 2011) (en banc)). In making such a determination, this court reviews the record of conviction, which is limited to "the charging instrument, transcript of the plea colloquy, plea agreement, and comparable judicial record of this information." *Id.* (citing *Shepard v. United States*, 544 U.S. 13, 26 (2005)). Furthermore, the government bears the burden to demonstrate clearly and unequivocally that the defendant's prior conviction was a qualifying predicate offense. *United States v. Strickland*, 601 F.3d 963, 969 (9th Cir. 2010) (quoting *United States v. Gomez-Leon*, 545 F.3d 777, 785 (9th Cir. 2008)) (citing *United States v. Kelly*, 422 F.3d 889, 895 (9th Cir. 2005)).

In the instant case, Defendant's record of conviction consists of the following documents related to his 1996 conviction: (1) the Complaint; (2) the Plea Agreement; (3) the Minute Order; (4) the Sentencing Hearing Record; and (5) the Abstract of Judgment. The Complaint charged Defendant with two counts, both for violations of Section 11379: (1) transportation of amphetamine ("Count I"); and (2) sale of amphetamine ("Count II"). Defendant's signed Plea Agreement states, in pertinent part, "I freely and voluntarily enter my plea of guilty

4

to the charge(s) of sale of amphetamine . . . . The following plea bargain is part of this plea: Ct. I dismissed." In reading the Plea Agreement, in conjunction with the Complaint, it is clear that the factual basis of Defendant's 1996 conviction was his sale of amphetamine, *i.e.*, Count II of the Complaint. Thus, the Plea Agreement, which also constitutes the convicting court's findings and order in the matter, establishes that Defendant was convicted of Count II, and Count I was dismissed. The Minute Order supports this conclusion. The Abstract of Judgment's unclear reference to "Count 1" is insufficient to render ambiguous the Plea Agreement's unequivocal showing that the factual basis of Defendant's conviction was his sale of amphetamine. Although the Sentencing Hearing Record states that Defendant was convicted of the "Transportation of a Controlled Substance," the sentence imposed by the convicting court would have ultimately been pursuant to the Plea Agreement, under which Defendant was convicted of Count II.

There are two ways in which a state drug offense can qualify as an aggravated felony under 8 U.S.C. § 1101(a)(43)(B): (1) if the state offense contains a trafficking element; or (2) if the state offense would be punishable as a felony under federal drug laws. *Daas v. Holder*, 620 F.3d 1050, 1054 (9th Cir. 2010) (citations omitted). "The Supreme Court has stated that 'ordinarily "trafficking" means some sort of commercial dealing.'" *Rendon*, 520 F.3d at 975 (quoting

5

*Lopez v. Gonzalez*, 549 U.S. 47, 53 (2006)); *see also Carachuri-Rosendo v. Holder*, 560 U.S. 563, 574 (2010) (using *Lopez*'s definition of "trafficking"). Defendant's guilty plea to violating Section 11379 for the sale of amphetamine necessarily admitted his engagement in some sort of commercial dealing. Thus, Defendant's 1996 conviction contains a trafficking element, and qualifies as an aggravated felony under the modified categorical approach.

In light of the record of conviction, the Government has met its burden of establishing clearly and unequivocally that Defendant's 1996 conviction necessarily rested on elements qualifying as an aggravated felony. Thus, the district court did not err in finding that Defendant's conviction under Section 11379 qualified as an aggravated felony under the modified categorical approach. Based on the foregoing, Defendant was administratively removable under 8 U.S.C. § 1227(a)(2)(A)(iii), and ineligible for voluntary departure. *See* 8 U.S.C. § 1229c(a)(1). Defendant has therefore failed to establish that the Removal Order was fundamentally unfair.

Second, Defendant argues that the district court erred in applying a sixteen-level enhancement under United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.") because his 1996 conviction is not a drug trafficking offense. The Sentencing Guidelines permit a sixteen-level enhancement if the

defendant was previously deported after being convicted for "a drug trafficking offense for which the sentence imposed exceeded 13 months." U.S.S.G. § 2L1.2(b)(1)(A)(i).

In determining whether a prior conviction qualifies as a "drug trafficking offense" under the Sentencing Guidelines, this court again utilizes the categorical approach. *See, e.g.*, *Valdavinos-Torres*, 704 F.3d at 691. Section 11379 does not qualify as a drug trafficking offense for purposes of U.S.S.G. § 2L1.2(b)(1)(A)(i) under the categorical approach. *United States v. Navidad-Marcos,* 367 F.3d 903, 907-08 (9th Cir. 2004). Under the modified categorical approach, however, a Section 11379 conviction for the sale of amphetamine does qualify as a drug trafficking offense. *See United States v. Corona-Rivera*, 503 Fed. Appx. 500, 502 (9th Cir. 2012) (holding that the defendant's conviction for the sale of marijuana, in violation of California Health & Safety Code § 11360(a), was a drug trafficking offense within the meaning of U.S.S.G. § 2L1.2), *cert. denied*, 133 S. Ct. 2040 (2013). As the record of conviction establishes that Defendant's 1996 conviction was for the sale of amphetamine, the district court did not err in applying the sixteen-level enhancement to his sentence.

Finally, Defendant argues that the district court abused its discretion by imposing a sentence of thirty-six months, with the sole basis of his argument being

7

that the district court erred in applying the sixteen-level enhancement. Defendant's argument fails, as we conclude that the district court did not err in applying the enhancement. Furthermore, Defendant's sentence of thirty-six months is below the sentencing range that the district court had initially calculated, and thus is reasonable. *See United States v. Almazan-Becerra*, 537 F.3d 1094, 1100 (9th Cir. 2008).

Accordingly, we **AFFIRM** the district court's denial of Defendant's motion to dismiss the indictment and Defendant's sentence.

**AFFIRMED.**